(March 7, 1996)

■ WALL STREET TRANSCRIPT CORPORATION, Appellant, v ZIFF COMMUNICATIONS COMPANY et al., Respondents, et al., Defendants. [638 NYS2d 640]

Plaintiff failed to state a cause of action against defendants for inducing its attorneys to breach their fiduciary duty, as the pleading did not state in detail the circumstances constituting the wrong, as required by CPLR 3016 (b) (*see, Holoness Realty Corp. v New York Prop. Ins. Underwriting Assn.*, 75 AD2d 569, 570). We also note that all the allegations concerning the inducement of that breach are pleaded "upon information and belief", without disclosing the source of information that forms the basis of that belief (*see, Belco Petroleum Corp. v AIG Oil Rig*, 164 AD2d 583, 598-599).

Plaintiff's third cause of action, for prima facie tort, was properly dismissed for failure to plead special damages, a necessary element of the tort (*see, Freihofer v Hearst Corp.*, 65 NY2d 135, 143). If that cause of action were read as one for interference with a contractual relationship, it would be insufficient.

The IAS Court properly dismissed plaintiff's cause of action for fraud. The alleged non-disclosures do not constitute fraud since there was no duty to speak under the circumstances (*see, Jolly King Rest. v Hershey Chan Realty*, 214 AD2d 422). As to the alleged false utterances, plaintiff has neither shown how it relied to its detriment on the statements nor alleged any specific damages which were proximately caused by the false utterances (*see, Feldman v Grant*, 213 AD2d 340, 341, *lv denied* 86 NY2d 701).

Although plaintiff asserted a claim for civil conspiracy, New York does not recognize such a tort (*see, MBF Clearing Corp. v Shine*, 212 AD2d 478, 479).

Finally, plaintiff has not asserted any reason why defendant Chiappone should be held personally liable, since the only basis of a claim against him is his status as a partner in defendant law firm, which he did not join until after the alleged wrongs were already committed (*see, C. E. Hooper, Inc. v Perlberg, Monness, Williams & Sidel*, 72 AD2d 687, *appeal dismissed* 49 NY2d 736; *Benvenuto v Taubman*, 690 F Supp 149, 152). Plaintiff's remaining contentions are without merit. Concur—Murphy, P. J., Sullivan, Wallach, Ross and Williams, JJ.