■ ESTELLE SAFCHIK, Appellant, v PRUDENTIAL SECURITIES, INC., Respondent. [650 NYS2d 569] —In an action, *inter alia,* to set aside a release executed by the plaintiff on May 8, 1991, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Lockman, J.), entered October 26, 1995, which upon the granting of the defendant's motion for summary judgment, is in favor of the defendant and against her dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff previously invested money with the defendant and allegedly sustained major losses. In 1991, the plaintiff, who was represented by counsel, signed a release of her claims against the defendant in exchange for $80,000. The plaintiff commenced this action in 1994, *inter alia,* to set aside the release asserting that the release was fraudulently induced. The Supreme Court granted summary judgment in favor of the defendant dismissing the complaint. We now affirm.

In order to set aside a release on the ground of fraud, a party must establish, *inter alia,* that the fraudulent misrepresentation or concealment was the proximate cause of injury (*see, Channel Master Corp. v Aluminum Ltd. Sales,* 4 NY2d 403, 406-407; *see also, Joint Venture Asset Acquisition v Zellner,* 808 F Supp 289, 302). We conclude that the defendant made out a prima facie case for summary judgment in its favor and the plaintiff failed to raise a triable issue of fact with respect to her claim that the defendant's fraudulent inducement to execute the release was the proximate cause of any injury to her. Bracken, J. P., Sullivan, Altman and McGinity, JJ., concur.