■ MELVIN S. ARONOFF et al., Appellants, v ERNST & YOUNG, Respondent. [725 NYS2d 31] —Judgment, Supreme Court, New York County (Herman Cahn, J.), entered April 29, 1999, dismissing the action pursuant to an order, same court and Justice, entered April 26, 1999, which, in an action for fraud, granted defendant accounting firm's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs. Appeal from aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

In August 1991, plaintiffs agreed to the acquisition of their company by another company in exchange for cash, shares of stock in the acquiring company, and the latter's guarantee that it would make up the difference if those shares did not sell for a specified minimum in and after June 1993. The stock price plummeted in 1992, plaintiffs sold their stock in August 1992 for substantially less than the guarantee, and demanded the difference from the acquiring company, which refused to pay, and was put into bankruptcy in December 1993 and eventually liquidated. Plaintiffs then brought this action against the acquiring company's auditors, claiming that they were fraudulently induced into the acquisition by falsehoods in the acquiring company's 1990 financial statement representing its net profits to be $59 million, when, in fact, as defendant itself admitted in a 1994 revision of the acquiring company's 1990 financial statement, the correct figure was $50 million. We find that this $9 million overstatement did not materially induce plaintiffs to enter into the acquisition agreement, where, at the time of the agreement, the acquiring company had more than $4 billion in gross revenues, a solid record of paying dividends, an excellent cash flow and, in fact, was financially healthy. In addition, as found in a Federal court action brought by the

acquiring company's creditors (*AUSA Life Ins. Co. v Ernst & Young*, 119 F Supp 2d 386; 119 F Supp 2d 394), defendant could not have foreseen the post-audit events, in particular, the acquiring company's imprudent acquisition of still another company in August 1991, that caused the acquiring company's collapse and would have caused its collapse even if its financial condition had been as represented. Thus, the falsehood did not conceal a weakness causally related to the acquiring company's collapse (*see, id.*), and resulting inability to make good on the guarantee. We reject plaintiffs' assertion that the acquiring company would not have been in a position to make this imprudent acquisition had its 1990 net profits been accurately stated. Concur—Williams, J. P., Ellerin, Lerner, Saxe and Buckley, JJ.