[745 NYS2d 534]

KENNETH D. LAUB, Appellant, v JOHN L. FAESSEL et al., Respondents.

First Department, August 1, 2002

## APPEARANCES OF COUNSEL

*David Boies* of counsel, Armonk (*Sherab Posel* and *David Bergman* on the brief; *Boies, Schiller & Flexner LLP* and *Frydman & Bergman*, New York City, attorneys), for appellant.

*Glen Banks* of counsel, New York City (*Felice B. Galant* on the brief; *Fulbright & Jaworski L.L.P.*, attorneys), for respondents.

## OPINION OF THE COURT

ROSENBERGER, J.

Plaintiff's second amended complaint alleges that, in 1993, defendant John L. Faessel introduced himself to plaintiff as a "duly registered investment advisor, specializing in advising high net worth individuals" with respect to the stock market and that, subsequently, Faessel represented to plaintiff that he had "extensive training and expertise as a technical analyst and chartist" as well as a "broad client base" to whom he regularly and successfully provided investment advice. All of Faessel's representations as to his training, expertise, and experience were allegedly false. The complaint further alleges that, in July 1995, Faessel knowingly made additional false representations to plaintiff regarding Faessel's relationship with defendant WorldCo, a securities broker-dealer firm, and the expertise and services that WorldCo would and could provide to plaintiff. According to the complaint, between July 1, 1995 and March 31, 1996, plaintiff, acting in reliance on Faessel's misrepresentations as to his and WorldCo's qualifications, invested in various securities that Faessel recommended, which resulted in losses to plaintiff of "not less than $41,502,518." The complaint also alleges that, during the specified time period, Faessel was an employee of WorldCo and subject to WorldCo's supervision and control.

The complaint includes claims against Faessel based upon fraud, negligent misrepresentation, and breach of fiduciary obligation, and against WorldCo based on WorldCo's alleged status as Faessel's employer under the doctrine of respondeat superior. Each count of the complaint demands damages in excess of $41 million.

Evidence developed through discovery established that, from the spring of 1994 through June 30, 1995, plaintiff retained Faessel as a consultant, essentially to provide second opinions with respect to the investment advice plaintiff was receiving from his broker, Bear Stearns & Co., and that he paid Faessel approximately $18,000 during that period for his consulting services. During the first half of 1995, prior to the period when plaintiff allegedly relied on Faessel's misrepresentations, plaintiff purchased 7,000,000 shares of technology stock, valued at over $400 million, using millions of dollars in margin debt to

finance those transactions through Bear Stearns. In addition, both before and during the period in which plaintiff allegedly was relying to his detriment on Faessel's misrepresentations and investment recommendations, plaintiff controlled and determined what trades were actually made for his account, as well as what and how many shares of stock he would buy and when. From July 1995 through December 1995, plaintiff actively traded stock only through Bear Stearns; during the first quarter of 1996, plaintiff traded stock through a number of leading brokerage firms, including Bear Stearns, Morgan Stanley, Goldman Sachs, Salomon Brothers, and WorldCo, among others. In the first quarter of 1996, the stock market declined, particularly in technology equities. Plaintiff, having invested heavily on margin, sold a great deal of his technology stock, allegedly at a loss of over $41 million. Plaintiff seeks to recoup those losses through the current action.

In 1997, plaintiff sued Faessel and WorldCo in federal court. The complaint in the federal action set forth essentially the same allegations as are set forth in the present complaint, but included a claim that Faessel's alleged misrepresentations constituted a violation of federal securities laws, along with claims for common-law fraud, misrepresentation and breach of fiduciary obligation. The federal court dismissed the securities law claims because there was no allegation in the complaint that any of the alleged misrepresentations caused plaintiff's investment losses (*Laub v Faessel*, 981 F Supp 870, 872-873 [SD NY]). Having dismissed the federal claims, the court declined to exercise jurisdiction over the remaining state common-law claims (*id.*, 981 F Supp at 873). Rather than appeal, plaintiff commenced the instant action.

The present appeal stems from Supreme Court's grant of defendants' motion for summary judgment dismissing the complaint and its denial of plaintiff's motion to amend his second amended complaint further to add additional parties connected with WorldCo and to assert additional claims against those parties and WorldCo. All of the claims in plaintiff's proposed third amended complaint stem from the same allegations regarding Faessel's alleged misrepresentations as to his and WorldCo's expertise and competence.

For each of the direct causes of action included in the complaint—fraud, negligent misrepresentation and breach of fiduciary duty—plaintiff must establish that the alleged misrepresentations or other misconduct were the direct and proximate cause of the losses claimed (*see, Wall St. Transcript*

*Corp. v Ziff Communications Co.*, 225 AD2d 322 [fraud claim]; *Hayes v Baker*, 232 AD2d 371 [negligent misrepresentation claim]; *R.M. Newell Co. v Rice*, 236 AD2d 843, *lv denied* 90 NY2d 807 [breach of fiduciary duty claim]).

To establish causation, plaintiff must show both that defendant's misrepresentation induced plaintiff to engage in the transaction in question (transaction causation) and that the misrepresentations directly caused the loss about which plaintiff complains (loss causation) (*see, e.g., Small v Lorillard Tobacco Co.*, 94 NY2d 43, 57; *National Union Fire Ins. Co. v Christopher Assoc.*, 257 AD2d 1; *Cathay Pac. Airways, Ltd. v Fly & See Travel, Inc.*, 3 F Supp 2d 443, 451 [SD NY]). Loss causation is the fundamental core of the common-law concept of proximate cause: "An essential element of the plaintiff's cause of action for negligence, or for * * * any * * * tort, is that there be some reasonable connection between the act or omission of the defendant and the damage which the plaintiff has suffered." (Prosser and Keeton, Torts § 41, at 263 [5th ed ]; *see also, Small v Lorillard Tobacco Co.*, 94 NY2d 43, 57; *Wall St. Transcript Corp. v Ziff Communications Co.*, 225 AD2d 322; *Megaris Furs v Gimbel Bros.*, 172 AD2d 209, 213; *cf. AUSA Life Ins. Co. v Ernst & Young*, 206 F3d 202, 216 [2d Cir], *on remand* 119 F Supp 2d 394, 398 [SD NY].)

Plaintiff has not alleged that Faessel's misrepresentations concerned the financial condition of any of the companies whose stock he recommended to plaintiff (*see, e.g., Hotaling v A.B. Leach & Co.*, 247 NY 84; *AUSA Life Ins. Co. v Ernst & Young*, 206 F3d 202 [2d Cir]); the alleged misrepresentations concern only Faessel's and WorldCo's competencies. Regardless of whether plaintiff could establish that he was induced by the alleged misrepresentations to follow Faessel's recommendations on purchases of equities, plaintiff's claims must fail because he has not alleged or produced any evidence that those misrepresentations directly and proximately caused his investment losses (*see, Safchik v Prudential Sec.*, 233 AD2d 383; *Megaris Furs v Gimbel Bros.*, 172 AD2d 209; *Aronoff v Ernst & Young*, 1999 WL 458779, 1999 NY Misc LEXIS 665 [Sup Ct, NY County, Apr. 26, 1999], *affd* 283 AD2d 301; *see also*, Restatement [Second] of Torts § 548A, Comment *b; Prosser and Keeton, Torts § 110, at 767 [5th ed 1984]).

Plaintiff's reliance on *Marbury Mgt., Inc. v Kohn* (629 F2d 705 [2d Cir], *cert denied sub nom. Wood Walker & Co. v Marbury Mgt., Inc.*, 449 US 1011) is misplaced. Not only is *Marbury*, unlike the present common-law action, a federal decision

construing federal securities laws, which has been limited by subsequent decisions of the Second Circuit (see, *Bennett v U.S. Trust Co. of N.Y.*, 770 F2d 308 [2d Cir], *cert denied* 474 US 1058; *Manufacturers Hanover Trust Co. v Drysdale Sec. Corp.*, 801 F2d 13 [2d Cir], *cert denied sub nom. Arthur Andersen & Co. v Manufacturers Hanover Trust Co.*, 479 US 1066), but it addressed misrepresentations that related specifically to the financial condition and investment quality of a specific company. As previously noted, plaintiff has not alleged or produced any evidence that defendants made any misrepresentations about the financial condition of any specific company or any specific stock.

Because there is no nexus between the alleged misrepresentations and plaintiff's losses, Supreme Court's grant of summary judgment dismissing the complaint was entirely appropriate. Because the proposed amendments to the complaint would not change the fundamental deficiency in plaintiff's claims, Supreme Court's denial of plaintiff's motion to amend the complaint was also appropriate. Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint for the same reasons that the federal statutory claims were dismissed, i.e., because plaintiff failed to allege or provide any evidence that Faessel's asserted misrepresentations—rather than market forces—caused plaintiff's alleged losses.

Accordingly, the judgment of the Supreme Court, New York County (Jane Solomon, J.), entered September 24, 2001, dismissing the second amended complaint and bringing up for review an order, same court and Justice, entered August 29, 2001, which denied plaintiff's motion to amend the complaint and granted defendants' cross motion for summary judgment, should be affirmed, without costs. The appeal from the aforesaid order should be dismissed, without costs.

TOM, J.P., MAZZARELLI, WALLACH and MARLOW, JJ., concur.

Judgment, Supreme Court, New York County, entered September 24, 2001, affirmed, without costs. Appeal from order, same court, entered August 29, 2001, dismissed, without costs.