■ Sterling National Bank, Respondent-Appellant, v Ernst & Young LLP, et al., Appellants-Respondents. [881 NYS2d 39]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered December 5, 2008, which, to the extent appealed from, denied defendants' motion for summary judgment dismissing the complaint and granted their motion to vacate a portion of the order, same court (John A.K. Bradley, J.H.O.), entered April 2, 2008, directing defendants to respond to certain discovery requests, unanimously affirmed, without costs.

Plaintiff submitted evidence sufficient to raise issues of fact as to whether defendants' allegedly fraudulent misrepresentations induced plaintiff to extend and renew a $6 million credit facility to nonparty Allied Deals, Inc., of which nine separate loans advanced pursuant to the facility have not been repaid, and whether the misrepresentations directly caused plaintiff's loss (*see Laub v Faessel*, 297 AD2d 28, 31 [2002]). As to transaction causation, the "Terms of Approval" documents and related memoranda and the affidavit by plaintiff's former vice-president indicate that "audited financial statements" were a condition of the extension and renewal of credit to Allied and that the subject loans would not have been advanced without a "clean opinion" as to Allied's 2000 financial statements. As to loss causation, defendants characterize the loans as mere "rollovers" and contend that plaintiff's financial position did not change as a result of any reliance on the 2000 financial statements and audit report. However, plaintiff's vice-president stated that the loans were renewed after Allied had repaid them and that, unbeknownst to plaintiff—because the audit reports did not so inform it—the loans were repaid with funds received from other lenders involved in Allied's fraudulent scheme, rather than from legitimate business transactions.

The court's partial vacatur of plaintiff's second and fourth requests for documents was proper. These requests sought documents relevant only to the issue of punitive damages that is premature until plaintiff demonstrates "some factual basis for [its] punitive damage claim" (*Suozzi v Parente*, 161 AD2d 232 [1990]). Concur—Mazzarelli, J.P., Friedman, Moskowitz and Acosta, JJ. [*See* 21 Misc 3d 1141(A), 2008 NY Slip Op 52473(U).]