■ AL G. HILL, III, Appellant, v THEODATE COATES, Respondent. [911 NYS2d 294]—

Judgment, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered September 16, 2009, dismissing the complaint, unanimously affirmed, with costs.

New York law was properly applied, once it was determined that the contacts most significant to this dispute took place here (*see Zurich Ins. Co. v Shearson Lehman Hutton*, 84 NY2d 309, 317 [1994]). In particular, the court correctly gave greatest weight to the fact that the most valuable assets of the subject trust are located in New York, and many of those assets are managed here. The fact that the alleged oral agreement was negotiated and entered into in Pennsylvania is merely fortuitous, and not significant to this dispute. The trust was actually formed in Liechtenstein, another factor that is not particularly significant.

Plaintiff alleged that he had entered into an oral agreement that was to last for his lifetime. An agreement must be in writing if, by its terms, it is incapable of being performed within one year from its making or if its performance cannot be completed before the end of a lifetime (General Obligations Law § 5-701 [a] [1]). Without demonstrating the existence of a valid and enforceable contract, plaintiff was unable to state a claim for tortious interference with contract (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]).

The fraud claim was based on plaintiff's alleged contractual right to manage the trust's assets. Since there was no valid agreement, it cannot be said that plaintiff justifiably relied on—or was caused any injury by—any statements made by de-

fendant (*see generally Laub v Faessel*, 297 AD2d 28, 31 [2002]). The misappropriation claim was also properly dismissed because plaintiff has no right or authority under the trust, and thus lacked standing to bring a claim on the trust's behalf.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Saxe, Nardelli, Richter and Román, JJ.