Judgment, Supreme Court, New York County (O. Peter Sherwood, J.), entered October 18, 2011, dismissing the complaint as against defendants Clark Hunt and Hunt Financial Ventures, L.P (HFV) unanimously affirmed, with costs.
The court properly dismissed the fraud claim for failure to plead fraud with the particularity required by CPLR 3016 (b) and for failure to plead loss causation (see Laub v Faessel, 297 AD2d 28, 31 [1st Dept 2002]). As the motion court noted, and as plaintiffs fail to refute on appeal, their losses were directly caused by the negative press reports about defendants, not by Hunt’s and HFV’s alleged misrepresentations and omissions.
The court properly dismissed the negligent misrepresentation claim for failure to plead a special relationship. An arm’s length business relationship, as existed here, is not generally considered to be the sort of confidential or fiduciary relationship that would support a cause of action for negligent misrepresentation (see Silvers v State of New York, 68 AD3d 668, 669 [1st Dept 2009], lv denied 15 NY3d 705 [2010]). Nor did Hunt or HFV “possess unique or specialized expertise” (Kimmell v Schaefer, 89 NY2d 257, 263 [1996]) in raising capital from investors. Indeed, the complaint alleges that plaintiff Hilary J. Kramer (the controlling person of plaintiff Greentech Research LLC) is an experienced financial analyst and money manager. Further, Hunt’s and HFV’s alleged superior knowledge of their alleged wrongdoing and defendant Barrett Wissman’s admitted wrongdoing is *541 not the type of unique or specialized expertise that would support a cause of action for negligent misrepresentation {see generally Dobroshi v Bank of Am., N.A., 65 AD3d 882, 884 [1st Dept 2009], lv dismissed 14 NY3d 785 [2010]).
Because Hunt and HFV did not have “superior knowledge of essential facts” (P.T. Bank Cent. Asia, N.Y. Branch v ABN AMRO Bank N.V., 301 AD2d 373, 378 [1st Dept 2003] [internal quotation marks omitted]), the court properly dismissed that part of plaintiffs’ fraud claim that was based on Hunt’s and HFV’s alleged omissions (see Dembeck v 220 Cent. Park S., LLC, 33 AD3d 491, 492 [1st Dept 2006]).
The court providently exercised its discretion in denying plaintiffs’ request for leave to replead (see Eighth Ave. Garage Corp. v H.K.L. Realty Corp., 60 AD3d 404, 405 [1st Dept 2009], lv dismissed 12 NY3d 880 [2009]), given the absence of an affidavit of merits and evidentiary proof to support their request (cf. Zaid Theatre Corp. v Sona Realty Co., 18 AD3d 352, 355 [1st Dept 2005]).
Even though plaintiffs’ fraud and negligent misrepresentation claims were properly dismissed, they can still bring a new action based on breach of contract (see 175 E. 74th Corp. v Hartford Acc. & Indem. Co., 51 NY2d 585, 590 n 1 [1980]). Concur — Andrias, J.P., Friedman, DeGrasse, Freedman and Abdus-Salaam, JJ.