■ WATERSCAPE RESORT LLC, Appellant, v ERIC MCGOVERN et al., Respondents. [967 NYS2d 368]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered April 26, 2012, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff project owner alleges that defendants fraudulently misrepresented that their construction management company (PMG) had obtained full subguard insurance coverage to protect plaintiff against default by the largest subcontractor on the project, which was responsible for constructing the project's superstructure. According to plaintiff, it reasonably relied on defendants' alleged misrepresentation and incurred damages when the subcontractor later defaulted and there was no subguard insurance for this default.

There is no dispute that the named insured on the subguard policy is PMG, and that plaintiff is not an insured under the policy. Accordingly, based on the policy's plain language (*see Citizens Ins. Co. of Am. v Illinois Union Ins. Co.*, 105 AD3d 679 [1st Dept 2013]), plaintiff cannot claim damages under the policy, as it is not an insured.

Although plaintiff maintains that it incurred substantial damages due to PMG's failure to procure insurance on behalf of the defaulting subcontractor, plaintiff's fraud claim fails, because "merely alleging that the breach of a contract duty arose from a lack of due care will not transform a simple breach of contract into a tort" (*Sommer v Federal Signal Corp.*, 79 NY2d 540, 551 [1992]). Plaintiff's "subjective claims of reliance on defendants' expertise" do not give rise to a "confidential relationship" whose "requisite high degree of dominance and reliance" existed prior to the alleged fraud (*Societe Nationale D'Exploitation Industrielle Des Tabacs Et Allumettes v Salomon Bros. Intl.*, 251 AD2d 137, 138 [1st Dept 1998], *lv denied* 95 NY2d 762 [2000]). Defendants had no advisory capacity as to plaintiff, and a special relationship of trust and confidence does not arise merely from an arm's-length business transaction (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]).

In any event, to maintain a claim for fraud, plaintiff must show that its reliance on an alleged misrepresentation was justifiable or reasonable (*see Stuart Silver Assoc. v Baco Dev. Corp.*, 245 AD2d 96, 98-99 [1st Dept 1997]). Here, plaintiff neither inquired of the subcontractor nor of the subguard provider if the subcontractor was covered, despite the fact that the agreement between plaintiff and PMG specifically contemplated the possibility of a trade contractor not being qualified for subguard coverage.

Moreover, "[a]n actionable fraud claim requires proof that defendant made a misrepresentation of fact which was false and known to be false" (*New York City Tr. Auth. v Morris J. Eisen, P.C.*, 276 AD2d 78, 85 [1st Dept 2000]). According to plaintiff, defendants represented to it that PMG had obtained subguard insurance against default by the subject subcontractor hired by PMG for the project. However, defendants' affidavit states that the trade contract with the subcontractor had not yet been finalized or executed at the time the requisition for subguard premiums was submitted to plaintiff, and that after the requisition was paid, PMG determined that plaintiff should not be charged subguard insurance premiums for that subcontractor because the subcontractor turned out to be unqualified for such coverage. Plaintiff fails to address these contentions.

A defendant's knowledge of an allegedly false representation is another element of a fraud claim that must be established (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]), and plaintiff's affidavit stating that "it is inconceivable that [defendants] were unaware that PMG had not obtained Subguard Insurance for [the subcontractor's] work" was insufficient to establish scienter in this case. Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels, Gische and Clark, JJ.