■ DEBORAH A. GREGOR et al., Respondents, v JOSEPH J. ROSSI et al., Defendants, and BARBARA ALESI et al., Appellants. [992 NYS2d 17]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered January 6, 2014, which denied defendants Alesi, Groman and Glascock's motion to dismiss the complaint as against them, unanimously reversed, on the law, and the motion granted. The Clerk is directed to enter judgment accordingly.

Plaintiffs, investor-shareholders in a corporation that was allegedly part of defendant Rossi's fraudulent scheme, allege that defendants Alesi, Groman and Glascock, who were retained as the attorneys for the corporation, were complicit in the scheme by drafting documents and a shareholder agreement designed to give plaintiffs the impression that the corporation was legitimate and by dealing directly with plaintiffs in reviewing the documents and giving them "accompanying legal advice and counsel."

Fraud and fraudulent inducement are not pleaded with the requisite particularity under CPLR 3016 (b), because the words used by defendants and the date of the alleged false representations are not set forth (*see Brown v Wolf Group Integrated Communications, Ltd.*, 23 AD3d 239 [1st Dept 2005]; *Riverbay Corp. v Thyssenkrupp N. El. Corp.*, 116 AD3d 487 [1st Dept 2014]). While the complaint alleges that defendants' actions constituted representations (*see Brown*, 23 AD3d at 239), those actions—

allegedly drafting corporate documents and explaining them to plaintiffs—do not reasonably support the inference that defendants were placing an imprimatur on the legitimacy of the investment enterprise.

Moreover, plaintiffs allege that they invested the funds they seek to recover between September 2010 and April 2012, encompassing an eight-month period before defendants, who were first retained in May 2011, ever got involved in these matters. There is no specific allegation that plaintiffs made any of their investments after interacting with defendants. The lack of greater specificity about information peculiarly within plaintiffs' knowledge renders conclusory any claim of reliance on anything defendants said or did. The lack of specificity similarly renders any claim of the required loss causation conclusory (*see Laub v Faessel*, 297 AD2d 28, 31 [1st Dept 2002]).

The constructive fraud and negligent misrepresentation causes of action are deficient for failure to allege the requisite fiduciary or special relationship between plaintiffs and defendants (*see J.A.O. Acquisition Corp. v Stavitsky*, 8 NY3d 144, 148 [2007]; *Matter of Aoki v Aoki*, 117 AD3d 499 [1st Dept 2014]). The attorneys for a corporation represent the corporate entity, not the shareholders (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 562 [2009]). The parties did not expressly agree otherwise (*see Talvy v American Red Cross in Greater N.Y.*, 205 AD2d 143, 149 [1st Dept 1994], *affd* 87 NY2d 826 [1995]). Plaintiffs' subjective belief did not create an attorney-client relationship or a close relationship approaching privity that imposed upon defendants a duty to them to impart correct information (*see Pellegrino v Oppenheimer & Co., Inc.*, 49 AD3d 94, 99 [1st Dept 2008]). We note, in addition, that the requisite relationship between the parties must have existed before the transaction from which the alleged wrong emanated, and not as a result of it (*Elghanian v Harvey*, 249 AD2d 206 [1st Dept 1998]; *see also Waterscape Resort LLC v McGovern*, 107 AD3d 571 [1st Dept 2013]).

Plaintiffs do not expressly allege a cause of action against defendants for aiding and abetting the fraud alleged to have been committed by Rossi. Even if the causes of action as pleaded could be fairly interpreted as including liability for aiding and abetting fraud, they are still deficient because they fail to allege that defendants had actual knowledge of the fraud and provided substantial assistance in its commission (*see Oster v Kirschner*, 77 AD3d 51, 55-56 [1st Dept 2010]). The allegation that the attorneys "knew or should have known" of the fraud is conclusory and alleges mere constructive knowledge (*see Global Mins. &*

*Metals Corp. v Holme*, 35 AD3d 93, 101-102 [1st Dept 2006], *lv denied* 8 NY3d 804 [2007]; *Weinberg v Mendelow*, 113 AD3d 485, 488 [1st Dept 2014] [allegation that defendant "knew, or . . . should have known" was sufficient because it was coupled with specific allegations of actual knowledge of fraud]). The allegations that the attorneys prepared merger documents and a shareholder agreement are allegations of ordinary professional activity, not substantial assistance (*see Roni LLC v Arfa*, 72 AD3d 413 [1st Dept 2010], *affd* 15 NY3d 826 [2010]).

The claims under the North Carolina RICO statute fail to set forth the required predicate act as part of a pattern of racketeering activity, since the common-law torts alleged are not viable and, in any event, are otherwise insufficient for the purpose (*see Cofacredit, S.A. v Windsor Plumbing Supply Co., Inc.*, 187 F3d 229, 242 [2d Cir 1999]).

The conspiracy cause of action is deficient for failure to allege facts supporting a conclusion that there was an agreement among defendants regarding an underlying tort (*see 1766-68 Assoc., LP v City of New York*, 91 AD3d 519 [1st Dept 2012]). The claims for punitive damages cannot stand in the absence of a substantive underlying cause of action (*Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 616-617 [1994]).

Plaintiffs failed to respond to the arguments before the motion court in support of dismissing the claim that defendants are responsible for producing the corporate books and records, and they do not mention the issue on appeal. Accordingly, the claim should be dismissed. Concur—Tom, J.P., Moskowitz, Manzanet-Daniels, Feinman and Gische, JJ.