RKA Film Fin., LLC v Kavanaugh (2018 NY Slip Op 03942)





RKA Film Fin., LLC v Kavanaugh


2018 NY Slip Op 03942


Decided on June 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2018

Friedman, J.P., Sweeny, Gische, Mazzarelli, Gesmer, JJ.


652592/15 6776 6775

[*1]RKA Film Financing, LLC, Plaintiff-Appellant,
v
Ryan Kavanaugh, et al., Defendants, Steven Mnuchin, Defendant-Respondent.


Latham & Watkins LLP, New York (Christopher J. Clark of counsel), and Michael E. Bern of the bar of the state of Maryland and District of Columbia, admitted pro hac vice, for appellant.
Sullivan & Cromwell LLP, New York (Robert A. Sacks of counsel), for respondent.



Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered July 28, 2017, dismissing the complaint as against defendant Steven Mnuchin, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered June 27, 2017, which granted Mnuchin's motion to dismiss, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The allegations underlying the fraud causes of action do not give rise to a reasonable inference that defendant Mnuchin participated in, or had knowledge of, the alleged fraud scheme (see Pludeman v Northern Leasing Systems, Inc., 10 NY3d 486, 492 [2008]; Prudential-Bache Metal Co. v Binder, 121 AD2d 923, 926 [1st Dept 1986]). The allegation that the board of directors of Relativity Media, LLC was involved in the company's day-to-day operation and financial transactions is insufficient to raise an inference that Mnuchin, by virtue of his position on the board, personally participated in or had knowledge of the other defendants' alleged fraud (see High Tides, LLC v DeMichele, 88 AD3d 954, 959 [2d Dept 2011]; Northern Valley Partners, LLC v Jenkins, 23 Misc 3d 1112[A], 2009 NY Slip Op 50721[U], *6-8 [Sup Ct, New York County 2009]). The allegation that Mnuchin became aware, through due diligence conducted by companies he owned in conjunction with previous transactions with Relativity, that the funds that plaintiff had invested were used for working capital, and not for print and advertising expenses only, as it had been promised by the other defendants, is insufficient to raise the inference that he was aware that misrepresentations had been made or that they were part of a fraud scheme.
The negligent misrepresentation cause of action fails to allege any direct contact between Mnuchin and plaintiff that could give rise to the requisite special relationship (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 180-181 [2011]; see also MBIA Ins. Corp. v Countrywide Home Loans, Inc., 87 AD3d 287, 296 [1st Dept 2011]). Moreover, Mnuchin's [*2]alleged superior knowledge of the other defendants' alleged wrongdoing does not constitute "unique or specialized expertise" (Greentech Research LLC v Wissman, 104 AD3d 540, 540-541 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 5, 2018
CLERK