Gansett One, LLC v Husch Blackwell, LLP (2019 NY Slip Op 00531)





Gansett One, LLC v Husch Blackwell, LLP


2019 NY Slip Op 00531


Decided on January 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2019

Sweeny, J.P., Tom, Kahn, Oing, Singh, JJ.


651097/15 8197 8196

[*1]Gansett One, LLC, et al., Plaintiffs-Appellants,
v
Husch Blackwell, LLP, et al., Defendants-Respondents, Robert E. Ham, et al., Defendants.


Epstein Ostrove, LLC, New York (Elliot D. Ostrove and Richard L. Plotkin of the bar of the State of New Jersey, admitted pro hac vice, of counsel), for appellants.
Wheeler Trigg O'Donnell LLP, Denver, CO (Carolyn J. Fairless of the bar of the State of Colorado, admitted pro hac vice, of counsel), for respondents.



Judgment, Supreme Court, New York County (O. Peter Sherwood, J.), entered December 6, 2017, dismissing the complaint, unanimously reversed, on the law, without costs, the judgment vacated, and the claims for aiding and abetting fraud and negligent supervision reinstated. Appeal from order, same court and Justice, entered November 28, 2017, which granted defendants Husch Blackwell, LLP and Diane T. Carter's (defendants) motion to dismiss the complaint with prejudice pursuant to CPLR 3016(b) and 3211(a)(7), unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The complaint fails to state a claim for fraudulent misrepresentation, because the only representation attributed to defendants — Diane T. Carter's statement that nonparty Kamran Nezami was the most conservative person she knew — is "nonactionable opinion that provide[s] no basis for a fraud claim" (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 179 [2011]). For the same reason, the complaint fails to state a claim for negligent misrepresentation (see McBride v KPMG Intl., 135 AD3d 576, 580 [1st Dept 2016]).
The complaint fails to state a claim for fraudulent omission or concealment, because it fails to allege that defendants had a duty to disclose material information to plaintiffs
(see Mandarin, 16 NY3d at 179). Under New York law, on which plaintiffs rely on appeal, a law firm does not have an "ethical obligation to disclose what knowledge it might have had concerning its client's alleged impending fraud" (National Westminster Bank v Weksel, 124 AD2d 144, 148 [1st Dept 1987], lv denied 70 NY2d 604 [1987]; see also Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 562 [2009]).
The complaint fails to state a claim for negligent misrepresentation, because it does not allege a special relationship between plaintiffs — the buyers of membership interests from Nezami — and defendants (Nezami's attorneys) (see Gregor v Rossi, 120 AD3d 447, 448 [1st Dept 2014]). On appeal, plaintiffs claim that such a relationship existed because defendants sent them opinion letters. However, this is not pleaded in the complaint. In any event, it would not avail plaintiffs, because the opinion letters say that they were prepared for a nonparty and were not to be relied on by third parties, and there is no connection between plaintiffs' losses and defendants' opinion that physicians could invest in pharmacies (see Laub v Faessel, 297 AD2d 28, 30 [1st Dept 2002]).
However, the complaint states a claim for aiding and abetting fraud. Contrary to defendants' contention, the complaint adequately alleges that Nezami fraudulently induced plaintiffs to invest in his companies via various misrepresentations and omissions. It also [*2]sufficiently alleges that defendants had actual knowledge of the fraud (see e.g. Oster v Kirschner, 77 AD3d 51, 55 [1st Dept 2010]; Weinberg v Mendelow, 113 AD3d 485, 488 [1st Dept 2014]). The complaint alleges that Carter was the one who came up with the idea of disguising Nezami's embezzlement from his companies as "loans" or "draws," that she and/or other lawyers at Husch Blackwell drafted promissory notes and security agreements documenting these supposed loans, that it was due to Carter's advice that the loans/draws were not included on the financial statements shown to plaintiffs, and that Carter was present at one or more meetings where it was specifically said that plaintiffs should not be told of Nezami's embezzlement lest they fail to invest or withdraw their investments. Finally, the complaint sufficiently alleges substantial assistance; it alleges that defendants drafted the very purchase agreements by which plaintiffs bought membership interests from Nezami — agreements that, it is alleged, contained misrepresentations (see Oster, 77 AD3d at 52-53, 56-57).
The complaint also states a claim against Husch for negligently supervising Carter (see e.g. Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d 159, 161 [2d Dept 1997], cert denied 522 US 967 [1997], lv dismissed 91 NY2d 848 [1997]).
In view of the foregoing, plaintiffs' argument that dismissal should have been without prejudice so that they could amend the complaint applies to the fraud and negligent misrepresentation claims only. However, amendment cannot cure the fundamental deficiencies in these claims, i.e., as indicated, the failure to allege that defendants — as opposed to Nezami — made any misrepresentations to plaintiffs or the fact that defendants had no duty under New York law to disclose their clients' wrongdoing to plaintiffs (see e.g. Laub, 297 AD2d at 32).
Plaintiffs' contention that the motion court misapplied law of the case is of no moment; the doctrine of law of the case does not apply to a court reviewing an order on appeal (People v Evans, 94 NY2d 499, 503 n 3 [2000]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 24, 2019
CLERK