SFR Holdings Ltd. v Rice (2019 NY Slip Op 02032)





SFR Holdings Ltd. v Rice


2019 NY Slip Op 02032


Decided on March 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2019

Sweeny, J.P., Webber, Gesmer, Singh, JJ.


8733 652367/12

[*1]SFR Holdings Ltd., et al., Plaintiffs-Respondents,
v
John Rice, et al., Defendants-Appellants.


Brody, O'Connor & O'Connor, New York (Scott A. Brody of counsel), for appellants.
Stevens & Lee, P.C., New York (Constantine D. Pourakis of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered September 20, 2017, which, insofar as appealed from, denied defendants John Rice, Joseph Ingrassia, Capstone Cayman Special Purpose Fund LP, Capstone Special Purpose Fund LP, Capstone Capital Management, Inc., Capstone Capital Group I, LLC, Capstone Trade Partners, Ltd., Capstone Business Credit, LLC, Amincor Other Assets Inc., and Amincor, Inc.'s motion for summary judgment dismissing the fraud cause of action,[FN1] unanimously modified, on the law, to grant the motion as to the claim asserted by plaintiff Cannonball Stability Fund LP, and otherwise affirmed, without costs.
Plaintiffs claim that defendants concealed their investments in real estate from them, made false statements, issued false and misleading reports about the investments, and misrepresented the magnitude of the investments to induce them to refrain from redeeming their interests (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]). The claim is supported by monthly progress reports that failed to reveal the nature and extent of the real estate investments, and testimony and sworn statements about a meeting at which defendants significantly understated the amount of money used to fund real estate deals and about defendants' assurances that 90% of the improper investments would be transferred to another fund.
Defendants argue, citing HSH Nordbank AG v UBS AG (95 AD3d 185 [1st 2012]), that plaintiffs are sophisticated investors who knew or should have known of the real estate holdings by August 2007. However, only post-investment fraud is at issue here (except as to Cannonball Stability Fund LP, discussed below), and defendants failed to establish that plaintiffs had a means of ascertaining the breadth of the fraud.
Defendants failed to establish the absence of any causally related damages (see generally Laub v Faessel, 297 AD2d 28, 31 [1st Dept 2002]). They maintain that, even if plaintiffs had redeemed their full investments by November 30, 2007, they would not been repaid, because the Capstone Partnerships lacked the liquidity to cash out the redemption requests. However, their proof was inadequate; they relied on a chart purporting to list the names of investors who had outstanding redemption requests, made as early as October 1, 2007, and defendant Ingrassia's affidavit saying that "[n]one of the investors [listed] received all of their money back." [*2]Defendants did not address the preceding period at all, despite the fact that the fraud allegations pre-date October 1, 2007.
Plaintiff Cannonball Stability Fund LP accepted a position in the Capstone Partnerships on January 1, 2008, after it had been disclosed that defendants were investing heavily in real estate deals. Thus, its fraud claim should be dismissed.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 19, 2019
CLERK



Footnotes

Footnote 1: On a prior appeal, this Court modified so much of an order as granted defendants' motion to dismiss the fraud claim to deny the motion as to defendants Rice, Ingrassia, Capstone Capital Management Inc., Capstone Cayman Special Purpose Fund LP, and Capstone Special Purpose Fund LP (132 AD3d 424 [1st Dept 2015]), lv dismissed in part, denied in part 27 NY3d 977 [2016]).