RKA Film Fin., LLC v Kavanaugh (2019 NY Slip Op 03302)





RKA Film Fin., LLC v Kavanaugh


2019 NY Slip Op 03302


Decided on April 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2019

Renwick, J.P., Richter, Gesmer, Kern, Singh, JJ.


652592/15 - 9155B 9155A 9155 9154

[*1]9155F RKA Film Financing, LLC, Plaintiff-Appellant,
v
Ryan Kavanaugh, et al., Defendants-Respondents.


Latham & Watkins LLP, New York (Benjamin Naftalis of counsel), for appellant.
Skadden, Arps, Slate, Meagher & Flom LLP, New York (Jonathan L. Frank of counsel), for Ryan Kavanaugh, respondent.
Schulte Roth & Zabel LLP, New York (Robert M. Abrahams of counsel), for Colbeck Capital Management, LLC, Colbeck Capital LLC, Colbeck Partners IV, Jason Colodne, Jason Beckman and David Aho, respondents.
Greenberg Traurig, LLP, Chicago, IL (Gregory E. Ostfeld of the bar of the state of Illinois, admitted pro hac vice, of counsel), for Ramon Wilson, Andrew Matthews, Greg Shamo and Tucker Tooley respondents.



Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered April 19, 2018, which dismissed the second amended complaint (SAC), unanimously affirmed, without costs. Appeal from the orders, same court and Justice, entered March 8, 2018 and March 12, 2018, which granted defendants' motions to dismiss, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The court correctly dismissed the SAC because it did not adequately plead an actionable claim for fraud, fraudulent inducement, or negligent misrepresentation against any of defendants. The SAC did not attribute specific misrepresentations or wrongdoing to most defendants (see Marine Midland Bank v Russo Produce Co., 50 NY2d 31, 44-45 [1980]; Fletcher v Dakota Inc., 99 AD3d 43, 49 [1st Dept 2012]), but rather, impermissibly lumped those defendants together with the others against whom specific acts had been pleaded (Jonas v National Life Ins. Co., 147 AD3d 610, 612 [1st Dept 2017]; MP Cool Invs. Ltd. v Forkosh, 142 AD3d 286, 291 [1st Dept 2016], lv denied 28 NY3d 911 [2016]).
Initially, the facts alleged in the SAC do not support a claim of fraud against Colbeck Capital Management, LLC (Colbeck) or David Aho (Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 492 [2008]). Aho's alleged statement that plaintiff's investment was "low risk," was a non-actionable expression of hope (see Zaref v Berk & Michaels, 192 AD2d 346, 349 [1st Dept 1993]), and his presentation of slides prepared by Relativity is insufficient to impute representations within the slides to him personally (see Gregor v Rossi, 120 AD3d 447, 447-448 [1st Dept 2014]). Plaintiff also waived any claims based upon representations by Aho by signing specific disclaimers in non-disclosure agreements which renounced any representations regarding the accuracy of any statements made in the introductory investment materials (see Loreley Fin. [*2](Jersey) No. 3 Ltd. v Citigroup Global Mkts., 119 AD3d 136, 143 [1st Dept 2014]). The non-disclosure agreements also released Aho and Colbeck Capital Management from liability relating to or resulting from the use of those materials (see Centro Empresarial Cempresa S.A. v America Movil, S.A.B. de C.V., 17 NY3d 269, 277-278 [2011]).
The alleged misrepresentations attributed to defendants Ramon Wilson, Andrew Matthews, and Greg Shamo, officers of Relativity, are similarly insufficient to give rise to a fraud claim. The alleged misrepresentations attributed to these defendants were made after plaintiff had already invested in Relativity, precluding a conclusion that they induced plaintiff to engage in the transaction (Laub v Faessel, 297 AD2d 28, 31 [1st Dept 2002]). To the extent plaintiff claims that these defendants' misrepresentations caused it to abstain from taking legal action, plaintiff has not demonstrated that it sustained damages as a result of such forbearance, an essential element of its claim (Laub, 297 AD2d at 30-31).
To the extent the SAC has attributed specific misrepresentations to defendant Ryan Kavanaugh, the founder and chief executive officer of Relativity, they do not support a claim of fraud. Plaintiff could not have justifiably relied on the misrepresentations regarding Relativity's financial health in agreeing to engage in the investment, as plaintiff, a sophisticated investor, did not demonstrate that it fulfilled its affirmative obligation to verify the nature and quality of its investment (see MP Cool Invs. Ltd., 142 AD3d at 287; Global Mins. & Metals Corp. v Holme, 35 AD3d 93, 100 [1st Dept 2006]).
Insofar as plaintiff relies on the alleged insincere promise that its funds would be used for only print and advertising expenses, we dismiss the fraud claims as disguised claims for breach of contract (see Cronos Group Ltd. v. XComIP, LLC, 156 AD3d 54, 67-68 [1st Dept 2017]). Further, any misrepresentations made after plaintiff had already invested the funds are insufficient to give rise to fraud as there was no nexus between the alleged statements and plaintiff's losses (see Laub, 297 AD2d at 31).
The court properly dismissed the negligent misrepresentation claim, as plaintiff has not pleaded the existence of a special or privity-like relationship imposing a duty on defendants to speak with care (see J.A.O. Acquisition Corp. v Stavitsky, 8 NY3d 144, 148 [2007]). A special relationship may be established by "persons who possess unique or specialized expertise, or who are in a special position of confidence and trust with the injured party such that reliance on the negligent misrepresentation is justified" (Kimmell v Schaefer, 89 NY2d 257, 263 [1996]). Relying on Brass v Am. Film Tech., Inc. (987 F2d 142, 150 [2d Cir 1993]), plaintiff contends that defendants' "superior knowledge" of their intention to use the funds invested by plaintiff for working capital transformed their relationship into a special one giving rise to a duty to disclose. However, we have held that "superior knowledge of . . . alleged wrongdoing . . . and ...admitted wrongdoing is not the type of unique or specialized expertise that would support a cause of action for negligent misrepresentation" (Greentech Research LLC v Wissman, 104 AD3d 540, 540-541 [1st Dept 2013]). Further, New York courts have held that arm's length borrower-lender transactions between sophisticated parties do not give rise to privity (see Greenberg, Trager & Herbst, LLP v HSBC Bank USA, 17 NY3d 565, 579 [2011]; Dobroshi v Bank of Am., N.A., 65 AD3d 882, 884 [1st Dept 2009], lv dismissed 14 NY3d 785 [2010]; Sebastian Holdings, Inc. v Deutsche Bank AG., 78 AD3d 446, 447 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2019
CLERK