Browne v Lyft, Inc. (2023 NY Slip Op 04102)

Browne v Lyft, Inc.

2023 NY Slip Op 04102

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2021-01314
 (Index No. 717499/19)

[*1]Linda Browne, etc., et al., respondents,
v
Lyft, Inc., appellant, et al., defendant.

Seyfarth Shaw, LLP, New York, NY (Karen Y. Bitar, Eddy Salcedo, and Vlada Feldman of counsel), for appellant.
Nora Constance Marino, Great Neck, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant Lyft, Inc., appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), dated January 7, 2021. The order, insofar as appealed from, denied that branch of the motion of the defendant Lyft, Inc., which was pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging vicarious liability under the doctrine of respondeat superior and fraud.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Lyft, Inc., which was pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging vicarious liability under the doctrine of respondeat superior and fraud is granted.
In their complaint, the plaintiffs allege that on October 12, 2018, the infant plaintiff used a mobile app operated by the defendant Lyft, Inc., to order a livery cab to transport her from a location in Bayside to a location in Flushing. A vehicle operated by the defendant Narinderjit Singh picked up the infant plaintiff. During the course of the ride, Singh allegedly unbuckled or unzipped his pants and began masturbating, and ceased doing so only upon noticing that he was being recorded on the infant plaintiff's cell phone. Thereafter, the plaintiffs commenced the instant action against Lyft and Singh. Lyft moved to dismiss the complaint pursuant to CPLR 3211(a)(7). As relevant to this appeal, the Supreme Court denied that branch of Lyft's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging that Lyft was vicariously liable for Singh's acts under the doctrine of respondeat superior, and the cause of action alleging fraud. Lyft appeals. We reverse insofar as appealed from.
In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), we afford the pleading a liberal construction, accept all facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see id. § 3026; J.P. Morgan Sec. Inc. v Vigilant Ins. Co., 21 NY3d 324, 334; 260 Mamaroneck Ave., LLC v Guaraglia, 172 AD3d 661, 662). Bare legal conclusions, factual claims flatly contradicted by the record, or legal conclusions or factual claims which are inherently incredible are not entitled to any such consideration (see Everett v Eastchester Police Dept., 127 AD3d 1131, 1132). Dismissal is "warranted if the plaintiff fails to assert facts in [*2]support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142).
"Under the doctrine of respondeat superior, an employer may be vicariously liable for the tortious acts of its employees only if those acts were committed in furtherance of the employer's business and within the scope of employment" (N.X. v Cabrini Med. Ctr., 97 NY2d 247, 251; Riviello v Waldron, 47 NY2d 297, 302). "Pursuant to this doctrine, the employer may be liable when the employee acts negligently or intentionally, so long as the tortious conduct is generally foreseeable and a natural incident of the employment" (Judith M. v Sisters of Charity Hosp., 93 NY2d 932, 933; Riviello v Waldron, 47 NY2d at 304). "An employee's actions fall within the scope of employment where the purpose in performing such actions is to further the employer's interest, or to carry out duties incumbent upon the employee in furthering the employer's business" (Montalvo v Episcopal Health Servs., Inc., 172 AD3d 1357, 1359 [internal quotation marks omitted]; see Beauchamp v City of New York, 3 AD3d 465, 466; Stavitz v City of New York, 98 AD2d 529, 531).
"[W]here an employee's actions are taken for wholly personal reasons, which are not job related, the challenged conduct cannot be said to fall within the scope of employment" (Montalvo v Episcopal Health Servs., Inc., 172 AD3d at 1360). "A sexual assault perpetrated by an employee is not in furtherance of an employer's business and is a clear departure from the scope of employment, having been committed for wholly personal motives" (id. at 1360; see Judith M. v Sisters of Charity Hosp., 93 NY2d at 933; N.X. v Cabrini Med. Ctr., 97 NY2d at 251; KM v Fencers Club, Inc., 164 AD3d 891, 892; Mayo v New York City Tr. Auth., 124 AD3d 606, 607; Doe v Rohan, 17 AD3d 509, 512). Here, assuming that Singh engaged in the sexual misconduct as alleged in the complaint, it is clear that such conduct was a departure from his duties as a Lyft driver and was committed solely for personal motives unrelated to Lyft's business. As such, the sexual misconduct cannot be said to have been within the scope of employment (see Judith M. v Sisters of Charity Hosp., 93 NY2d at 933). Accordingly, the Supreme Court should have granted that branch of Lyft's motion which was to dismiss the cause of action alleging vicarious liability under the doctrine of respondeat superior.
As to the fraud cause of action, the complaint alleges that Lyft engaged in a calculated, targeted marketing campaign representing that its service was safe, and by doing so, lulled customers into a false sense of security. These marketing materials included statements on the Lyft website that Lyft drivers were given background checks and were properly screened. The plaintiffs allege that such statements were false and intended to defraud the public, and that, as a result of these false statements, the plaintiffs sustained damages.
"The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559; see Ross v Louise Wise Servs., Inc., 8 NY3d 478, 488). "Each of the foregoing elements must be supported by factual allegations containing the details constituting the wrong sufficient to satisfy CPLR 3016(b)" (Stortini v Pollis, 138 AD3d 977, 978). "To establish causation, the plaintiff must show that defendant's misrepresentation induced plaintiff to engage in the transaction in question (transaction causation) and that the misrepresentations directly caused the loss about which plaintiff complains (loss causation)" (Laub v Faessel, 297 AD2d 28, 31; see Ambac Assur. Corp. v Countrywide Home Loans, Inc., 31 NY3d 569, 580; Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137; Small v Lorillard Tobacco Co., 94 NY2d 43, 56-57; P & HR Solutions, LLC v Ram Capital Funding, LLC, 195 AD3d 473, 474).
Here, although the complaint alleges that the plaintiffs were aware of alleged representations on Lyft's website that the Lyft service was safe to use, it fails to sufficiently specify which statements on Lyft's website were false, and when those representations were made or accessed by the plaintiffs (see CPLR 3016[b]). Moreover, the complaint fails to set forth any facts sufficient to show that any alleged misrepresentations on Lyft's website regarding the safety of Lyft rides directly and proximately caused the plaintiffs' alleged damages, which were otherwise alleged [*3]to have been caused directly by Singh's sexual misconduct while operating the vehicle (see Laub v Faessel, 297 AD2d at 31; Minzer v Barga, 2020 NY Slip Op 31458[U] [Sup Ct, NY County]). It is not sufficient to merely allege that the infant plaintiff would not have used the Lyft app but for Lyft's alleged misrepresentations regarding safety (see Laub v Faessel, 297 AD2d at 31; Minzer v Barga, 2020 NY Slip Op 31458[U]). Accordingly, the Supreme Court should have granted that branch of Lyft's motion which was to dismiss the cause of action alleging fraud.
The parties' remaining contentions need not be reached in light of our determination.
BARROS, J.P., MILLER, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court