Ratner v Mount Sinai Health Partners IPA, LLC

2026 NY Slip Op 02475

April 23, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Desiree Ratner, M.D., P.C., Plaintiff-Appellant,

v

Mount Sinai Health Partners IPA, LLC et al., Defendants-Respondents, Xyz Companies 1-10 etc., et al., Defendants

Decided and Entered: April 23, 2026

Index No. 153330/21|Appeal No. 6446|Case No. 2025-00776|

Before: Friedman, J.P., Gesmer, Shulman, Chan, JJ.

Mandelbaum Barrett P.C., New York (Boris Peyzner of counsel), for appellant.

Abell Eskew Landau LLP, New York (Scott R. Landau of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Leslie A. Stroth, J.), entered January 21, 2025, which, to the extent appealed from as limited by the briefs, granted defendant Mount Sinai Health Partners IPA, LLC's (MSHP) motion to dismiss the claims for promissory estoppel, breach of the covenant of good faith and fair dealing, fraud, and negligent misrepresentation, and granted defendant Mount Sinai Independent Practice Association, Inc.'s (MSIPA) motion to dismiss the claims for negligence and promissory estoppel, unanimously affirmed, without costs.

Plaintiff's promissory estoppel claim against MSHP was properly dismissed because it contradicts the terms of the parties' written agreement and is foreclosed by the merger clause (see Capricorn Invs. III, L.P. v CoolBrands Intl., Inc., 66 AD3d 409, 410 [1st Dept 2009]; EXRP 14 Holdings LLC v LS-14 Ave LLC, 228 AD3d 498, 499 [1st Dept 2024]). The breach of the covenant of good faith and fair dealing claim was properly dismissed because it arises from the same facts and seeks the same damages as the breach of contract claim (Mill Fin., LLC v Gillett, 122 AD3d 98, 104 [1st Dept 2014]). The negligent misrepresentation claim against MSHP was also properly dismissed because the complaint fails to allege that the parties had a special relationship (see Greentech Research LLC v Wissman, 104 AD3d 540, 540 [1st Dept 2013]).

Moreover, the complaint fails to state a cause of action for fraud against MSHP. To the extent the claim is based on MSHP's alleged statement that plaintiff was already onboarded with certain insurers when she was not, plaintiff's conclusory allegation that MSHP knew that its representation was false "is indefinite and conclusory, and therefore not actionable" (Pacnet Network Ltd. v KKDI Corp., 78 AD3d 478, 479 [1st Dept 2010]; see CPLR 3016[b]). To the extent the claim is premised on MSHP's alleged representations that it would help plaintiff recover for past services, those are "non-actionable promises of future conduct or events, rather than [statements of] present facts" (Yablon v Stern, 161 AD3d 594, 595 [1st Dept 2018]).

As to MSIPA, the complaint's illogical allegation that MSIPA promised plaintiff "that she could terminate her membership" in order to "induce . . . [her] to maintain her membership" fails to set forth a clear and unambiguous promise as required for promissory estoppel (see StoreRunner Network, Inc. v CBS Corp., 8 AD3d 127, 128 [1st Dept 2004]). The negligence claim was properly dismissed because the complaint
alleges no duty distinct from MSIPA's obligation to fulfill its alleged contractual duty to plaintiff (see Ho v Star Contrs., Inc., 226 AD3d 511, 512 [1st Dept 2024]).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 23, 2026