■ Fidelity National Title Insurance Company, Appellant, v NY Land Title Agency LLC et al., Respondents. [994 NYS2d 76]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered March 21, 2012, which, to the extent appealed from, granted defendants' motion to dismiss the third through eleventh causes of action in the complaint, unanimously modified, on the law, to reinstate the seventh cause of action for fraud, and otherwise affirmed, without costs.

We find that plaintiff title insurer has adequately alleged fraud based on defendants' failure to report a mortgage held by Arbor Commercial Mortgage in the certificate of title or title policy, and their misrepresentation that the insured mortgage would be a first position lien encumbering the property (*see Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc.,* 115 AD3d 128 [1st Dept 2014]). We therefore reinstate the seventh cause of action against all defendants.

On this motion pursuant to CPLR 3211 (a) (1) and (7), the complaint presents not only a rational basis, but a compelling one "for inferring that the alleged misrepresentations" concern-

ing the encumbrance on the title "w[ere] knowingly made" (*Oster v Kirschner*, 77 AD3d 51, 57 [1st Dept 2010] [internal quotation marks omitted]). Defendants offered no explanation, and left completely unanswered, the central questions of (1) how the certificate of title could possibly have constituted adequate disclosure of the Arbor mortgage when the certificate of title was not provided to plaintiff title insurer until *after the title policy had already been issued without plaintiff's required authorization*; and (2) why, despite their admitted knowledge of the Arbor mortgage, defendants failed to pay off or to except the Arbor mortgage from coverage. Indeed, defendants did not even file an opposition brief on appeal.

Defendants' concealment of the Arbor mortgage from Fidelity is the very act that enabled defendants to avoid paying off the Arbor mortgage and to allegedly misappropriate the escrowed funds. As noted by the motion court, the issuance of the policy months before the certificate of title had been transmitted "defeated the entire purpose of the title search and rendered any purported disclosures entirely meaningless." (2012 NY Slip Op 33504[U], *9 [2012].)

To show reliance, Fidelity must demonstrate that it was induced to act or to refrain from acting to its detriment by virtue of the alleged misrepresentation or omission (*see Foothill Capital Corp. v Grant Thornton, L.L.P.*, 276 AD2d 437, 438 [1st Dept 2000]). At this stage, Fidelity has sufficiently alleged that it was induced to refrain from "taking steps . . . to protect its interests," to its detriment, as a direct result of defendants' failures to provide the certificate of title and disclose the Arbor mortgage prior to issuing the policy (*Foothill*, 276 AD2d at 438). The complaint alleges that in response to defendants' belated request for authorization, Fidelity "expressly raised the issue of the defendants' omission of the Arbor mortgage on the certificate of title." This suggests that defendants' earlier omissions and failures to disclose the Arbor mortgage did in fact induce Fidelity to refrain from taking steps to protect its interests. Indeed, the motion court itself recognized that the "failure to transmit the certificate of title to Fidelity until after the policy had been improperly issued, proximately caused [Fidelity's] losses" and denied "Fidelity the opportunity to cure the title problems or change the terms of the policy before it was issued." (2012 NY Slip Op 33504[U], *10.)

Fidelity relied upon defendant NY Land Title, its policy-issuing agent, and Land Title Associates, which ordered or obtained the title search, to determine whether there were any other preexisting encumbrances on the property so as to assist

it in determining whether, and under what conditions, to issue a title policy. Indeed, we have found, under similar circumstances, that the element of reliance should be presumed (*see Ackerman v Price Waterhouse*, 252 AD2d 179, 197-199 [1st Dept 1998]).

Fidelity has sufficiently pleaded that it was defendants' very misrepresentations and omissions that caused issuance of the title policy which now obligates Fidelity to insure against losses caused by the Arbor mortgage. The bringing of the foreclosure action was foreseeable under the circumstances—indeed, it was the very risk Fidelity sought to protect itself against.

The fraud claim is not duplicative of the contract claim as to defendant NY Land Title Agency LLC. Fidelity has specifically alleged that NY Land Title made collateral and fraudulent misrepresentations, in both the certificate of title and the title policy, that the insured mortgage would be in a first position lien encumbering the property, despite defendants' actual knowledge that the Arbor mortgage was a preexisting lien on the property.

The court properly dismissed the negligent misrepresentation claims against defendants Ephraim Frenkel and Land Title Associates. The complaint does not even allege that plaintiff had a special relationship with Land Title Associates (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 180 [2011]). Although the complaint does allege that plaintiff had a special relationship with Frenkel, the factors mentioned by the complaint—Frenkel's position as managing member and sole member of both NY Land Title and Land Title Associates, and his control and domination of both entities—do not create a special relationship between him and plaintiff. Indeed, Frenkel does not "possess unique or specialized expertise" (*id.* [internal quotation marks omitted]), and "a special relationship of trust and confidence does not arise merely from an arm's-length business transaction" like the one at issue here (*Waterscape Resort LLC v McGovern*, 107 AD3d 571, 571 [1st Dept 2013]; *see also Greentech Research LLC v Wissman*, 104 AD3d 540, 540 [1st Dept 2013]).

As there is no special relationship between Frenkel and plaintiff, the court properly dismissed the negligence causes of action, which merely state that Frenkel owes a duty to plaintiff based on their special relationship (*Greenberg, Trager & Herbst, LLP v HSBC Bank USA*, 17 NY3d 565, 576-578 [2011]). The complaint does not specify what duty Land Title Associates owed plaintiff.

The court properly dismissed the unjust enrichment cause of

action against NY Land Title. To adequately plead an unjust enrichment claim, plaintiff must allege, among other things, that NY Land Title was enriched at plaintiff's expense (*see Georgia Malone & Co., Inc. v Rieder*, 19 NY3d 511, 516 [2012]). Although the complaint alleges that NY Land Title received a commission from plaintiff, the parties' contract shows that NY Land Title received a premium (presumably from the insured, Smithtown) and then remitted 15% to plaintiff. Hence, NY Land Title did not receive anything from plaintiff; rather, it received a premium from Smithtown (*see ABN AMRO Bank, N.V. v MBIA Inc.*, 17 NY3d 208, 221, 229 [2011]; *cf. Corto v Fujisankei Communications Intl.*, 177 AD2d 397 [1st Dept 1991]).

The court also properly dismissed the unjust enrichment claim against all defendants, as that cause of action merely alleges that defendants have been unjustly enriched at Smithtown's, not plaintiff's, expense (*see ABN AMRO*, 17 NY3d at 221, 229).

The court properly dismissed plaintiff's claims for implied indemnification against Frenkel and Land Title Associates, since Frenkel and Land Title Associates were not unjustly enriched at plaintiff's expense (*see Mas v Two Bridges Assoc.*, 75 NY2d 680, 690 [1990]). In addition, the complaint does not allege that either Frenkel or Land Title Associates owed a duty to Smithtown, the injured party (*see Rosado v Proctor & Schwartz*, 66 NY2d 21, 24 [1985]; *Broyhill Furniture Indus., Inc. v Hudson Furniture Galleries, LLC*, 61 AD3d 554, 556 [1st Dept 2009]). Defendants did not move to dismiss plaintiff's claim for contractual indemnification against NY Land Title, and plaintiff has been granted judgment on that cause of action, as well as on its breach of contract claim against NY Land Title.

The court properly found that NY Land Title did not owe plaintiff a fiduciary duty with respect to the funds that it allegedly misappropriated at the closing. The parties' contract states that NY Land Title is not an agent of plaintiff "for purposes of conducting a Closing." Since the parties did not create "their own relationship of higher trust," the court properly declined to "fashion the stricter duty for them" (*Oddo Asset Mgt. v Barclays Bank PLC*, 19 NY3d 584, 593 [2012] [internal quotation marks omitted]; *cf. Stewart Tit. Ins. Co. v Liberty Tit. Agency, LLC*, 83 AD3d 532 [1st Dept 2011]).

Plaintiff may not sue as Smithtown's equitable subrogee. The policy that NY Land Title (on behalf of plaintiff) issued to Smithtown insured the latter that it had a valid first priority lien in the sum of $8 million; it did not insure Smithtown against defalcations by NY Land Title at the closing. Hence,

even if NY Land Title breached a fiduciary duty to Smithtown by misappropriating funds, that is not a loss for which plaintiff "is bound to reimburse" Smithtown (*Federal Ins. Co. v North Am. Specialty Ins. Co.*, 47 AD3d 52, 62 [1st Dept 2007], quoting *North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281, 294 [1993]).

Because plaintiff may not assert claims as Smithtown's equitable subrogee with respect to the funds that NY Land Title allegedly misappropriated at the closing, the court properly dismissed the cause of action for a constructive trust.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Acosta, Saxe, Richter and Manzanet-Daniels, JJ.