■ JEFFREY L. DOPPELT, Appellant, v WELLINGTON J. DENA-HAN et al., Respondents, and ANNALY CAPITAL MANAGEMENT, INC., Nominal Defendant-Respondent. [42 NYS3d 107]—

Orders, Supreme Court, New York County (Saliann Scarpulla, J.), entered June 1, 2015, which granted defendants' motions to dismiss the complaint, unanimously affirmed, with costs.

Contrary to the argument advanced by plaintiff, a shareholder who seeks to bring a derivative action on behalf of nominal defendant Annaly Capital Management, Inc., the employees of the company were not an asset that could be monetized, sold or spun off (see Barry & Sons, Inc. v Instinct Prods. LLC, 15 AD3d 62, 69 [1st Dept 2005]). Therefore, the fact that the employees were free to leave the company to form their own business is not equivalent to the company's giving up an asset in entering into a management contract with them. Nor does the plan to allow management of the company to be thus "externalized" constitute a breach of fiduciary duty. Absent a cause of action for breach of fiduciary duty, there can be no cause of action for aiding and abetting breach of fiduciary duty.

Contrary to plaintiff's contention, two prior transactions whereby the company paid for and acquired asset management firms are not relevant to the moving of employees to their own new firm.

Because there was no bad faith or improper knowledge on their part, the independent directors are not liable for breach of fiduciary duty and are protected by the business judgment rule (see Shenker v Laureate Educ., Inc., 411 Md 317, 344, 983 A2d 408, 424 [2009]). Because there was no "asset" of the company being wasted, merely the free alienation of the employees, there was no corporate waste (see Werbowsky v Collomb, 362 Md 581, 610, 766 A2d 123, 139 [2001]). Nor was there any usurpation of a corporate opportunity, both because

the employees could leave anyway and because the interested directors had presented the opportunity to the board (*see Shapiro v Greenfield*, 136 Md App 1, 16, 764 A2d 270, 278 [Md Ct Spec App 2000]). For the same reasons, there is no basis for a claim of unjust enrichment. Nor can the transaction be challenged on the ground that some directors were interested, given the approval by the independent directors and shareholders (Md Code Ann, Corps & Ass'ns § 2-419 [West]). Concur—Friedman, J.P., Saxe, Richter, Gische and Kapnick, JJ.