Chai-Chen v Metropolitan Life Ins. Co. (2021 NY Slip Op 00489)





Chai-Chen v Metropolitan Life Ins. Co.


2021 NY Slip Op 00489


Decided on January 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

Before: Kapnick, J.P., Mazzarelli, Kennedy, Mendez, JJ. 


Index No. 650153/16 Appeal No. 12998 Case No. 2019-04604 

[*1]Jenny Jin Chai-Chen et al., Plaintiffs-Appellants,
v
Metropolitan Life Insurance Company et al., Defendants, Cui Li Also Known as Jessica Li, Individually and as an Agent of Metropolitan Life Insurance Company, Defendant-Respondent.


Heng Wang & Associates, P.C., New York (Heng Wang of counsel), for appellants.
Winget, Spadafora & Schwartzberg, LLP, New York (Christina M. Rieker of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about October 4, 2019, which granted the motion of defendant Cui Li a/k/a Jessica Li (Li) for summary judgment dismissing the complaint as against her, unanimously affirmed, without costs.
The motion court properly dismissed the action against Li, who was acting as an insurance broker for former defendant Metropolitan Life Insurance Company. An insured has the duty to read the insurance policy or have it read to him or her, as well as the duty to correct any inaccuracies present on the insurance application (Minsker v John Hancock Mut. Life, Inc. Co., 254 NY 333, 338 [1930]). Plaintiffs' argument that they are not responsible for any misrepresentations in the insurance application because they did not know how to read English is rejected. The court properly concluded that the facts reflected that plaintiffs were proficient in English.
The individual claims against Li also fail. Li was not a party to a contract between the insured or plaintiffs, and thus there is no claim against her for breach of contract. An insurance policy is "a contract between the insurer and the insured" (Bovis Lend Lease LMB, Inc. v Great Am. Ins. Co., 53 AD3d 140, 145 [1st Dept 2008]). Nor is there a viable
claim for a breach of the implied covenant of good faith and fair dealing against Li, which is premised upon a contractual relationship.
Plaintiffs' assertion that they had a confidential, special or fiduciary relationship with Li is also not persuasive. While the relationship between an insurance agent and an insured is generally not the type of special relationship giving rise to advisory duties, "[e]xceptional and particularized situations may arise in which insurance agents, through their conduct or by express or implied contract with customers and clients, may assume or acquire duties in addition to those fixed at common law" (Murphy v Kuhn, 90 NY2d 266, 272 [1997]). No such relationship existed here.
By plaintiffs' own admission, this was the first time that plaintiffs or the insured had worked with Li to purchase insurance. Plaintiff Jenny's preexisting personal relationship with Li, which the complaint's allegations suggest was a friendship with a former coworker, did not create a heightened or fiduciary duty. Plaintiffs' claim against Li for negligent misrepresentation, which was also premised upon the existence of a special relationship or heightened duty, similarly does not withstand scrutiny (J.A.O. Acquisition Corp. v Stavitsky, 8 NY3d 144, 148 [2007]).
Plaintiffs' negligence claim against Li was also properly dismissed. Li met her common-law duty to obtain coverage for her client, despite the fact it was later disclaimed (see e.g. Murphy, 90 NY2d at 270; Koloski, 5 Misc 3d 1028[A], 2004 NY Slip Op 51596[U], *11). It was not Li's responsibility to make sure that the information on the application was complete and accurate, despite any alleged language barriers.
We have [*2]considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2021