Park Armory LLC v Icon Parking Sys. LLC (2022 NY Slip Op 01398)





Park Armory LLC v Icon Parking Sys. LLC


2022 NY Slip Op 01398


Decided on March 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 03, 2022

Before: Manzanet-Daniels, J.P., Singh, Scarpulla, Higgitt, JJ. 


Index No. 656282/19 Appeal No. 15418 Case No. 2020-04685 

[*1]Park Armory LLC, Plaintiff-Respondent,
v
Icon Parking Sys. LLC, et al., Defendants-Appellants.


Melito & Adolfsen P.C., New York (John H. Somoza of counsel), for appellants.
Cervini Swanson LLP, New York (Scott L. Swanson of counsel), for respondent.



Order, Supreme Court, New York County (Laurence L. Love, J.), entered November 2, 2020, which denied defendants' motion to dismiss the complaint, unanimously modified, on the law, the motion granted to the extent of dismissing all the claims except for the breach of contract, unjust enrichment, conversion, and accounting claims against Park Armory Management LLC, and otherwise affirmed, without costs.
Plaintiff failed to allege facts sufficient to hold defendants Icon Parking Systems LLC (Icon) and Citizens Icon Holdings LLC (Citizens) (together Icon defendants) liable under an alter ego or veil-piercing theory. The allegations that those defendants controlled and dominated defendant Park Armory Management LLC (PAM) for the purpose of abusing PAM's corporate form in order to divest assets from plaintiff for their benefit are conclusory. The allegations that the Icon defendants, as parent companies, controlled and performed PAM's executive operations, alone, are insufficient to raise an inference of abuse of the corporate form (see TNS Holdings v MKI Sec. Corp., 92 NY2d 335, 339 [1998]; Art Capital Bermuda Ltd. v Bank of N.T. Butterfield & Son Ltd., 169 AD3d 426, 427 [1st Dept 2019]). Thus, all the claims against the Icon defendants based on an alter ego or veil-piercing theory should have been dismissed. All other claims as against the Icon defendants should have been dismissed for failure to state a claim, as indicated infra.
Plaintiff has pleaded breach of the Management Agreement by alleging facts showing that PAM failed to maintain the prior approved insurance coverage or to give plaintiff notice of the modifications of the coverage; failed to notify plaintiff of any increase in insurance deductibles in excess of $5,000; failed to submit accurate monthly reports and all revenues to plaintiff; and failed to give plaintiff notice of the $85,000 liability incurred in connection with a Kings County personal injury action. To the extent defendants argue that the $85,000 liability constituted legal fees that are excluded from "costs of operation" that required prior approval, it is more appropriately resolved on summary judgment.
The claims for fraud (see Principia Partners LLC v. Swap Fin. Group, LLC, 194 AD3d 584, 584 [1st Dept 2021]), breach of the implied duty of good faith and fair dealing (see Mill Fin., LLC v Gillett, 122 AD3d 98, 104-105 [1st Dept 2014]), and breach of fiduciary duty (see William Kaufman Org. v Graham & James, 269 AD2d 171, 173 [1st Dept 2000]) are dismissed as duplicative of the breach of contract claim. These claims all arise from the same allegations as those underlying the contract claim. Absent viable causes of action for fraud and breach of fiduciary duty, the aiding and abetting claims are dismissed (see Habberstad v Revere Sec. LLC, 183 AD3d 532, 533 [1st Dept 2020] [aiding and abetting fraud]; Doppelt v Denahan, 144 AD3d 573, 573 [1st Dept 2016], lv denied 29 NY3d 903 [2017] [aiding and abetting breach of fiduciary [*2]duty]).
Plaintiff has stated a claim for unjust enrichment and conversion based on allegations that PAM retained plaintiff's equipment, signages, and operating income after termination of the parties' relationship (see Sebastian Holdings, Inc. v Deutsche Bank AG, 78 AD3d 446, 447-448 [1st Dept 2010]). The claims, insofar as based on other allegations, are duplicative of the breach of contract claim. As to the claim for an accounting, plaintiff has pleaded entitlement to the books and records under the contract and as an equitable remedy (see Atlantis Mgt. Grp. II LLC v Nabe, 177 AD3d 542, 543 [1st Dept 2019]; Morgulas v Yudell Realty, 161 AD2d 211, 213 [1st Dept 1990]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2022