100 & 130 Biscayne, LLC v EE NWT OM, LLC (2022 NY Slip Op 06985)

100 & 130 Biscayne, LLC v EE NWT OM, LLC

2022 NY Slip Op 06985

Decided on December 08, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 08, 2022

Before: Kapnick, J.P., Oing, Singh, Moulton, Pitt-Burke, JJ. 

Index No. 650188/21 Appeal No. 16835 Case No. 2022-00963 

[*1]100 and 130 Biscayne, LLC, Plaintiff-Appellant,
v
EE NWT OM, LLC, et al., Defendants-Respondents.

Law Office of Timothy Hughes, Los Angeles, CA (Timothy Hughes of the bar of the State of California, admitted pro hac vice, of counsel), for appellant.
Kelley Drye & Warren LLP, New York (Michael C. Lynch of counsel), for respondents.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered January 3, 2022, which granted defendants' motion to dismiss the complaint, unanimously modified, on the law, to deny the motion as to the causes of action for breach of contract (the first cause of action) and declaratory relief (the sixth cause of action), and otherwise affirmed, without costs.
The complaint states a cause of action against EE NWT OM, LLC (EE Operating Member) for breach of contract by alleging that EE Operating Member acted in bad faith, or failed to act in good faith, by intentionally acting with a purpose other than to advance the company's best interests (Metro Storage Intl. LLC v Harron, 275 A3d 810, 842 [Del Ch 2022]; see also Kahn v Portnoy, 2008 WL 5197164, *7, 2008 Del Ch LEXIS 184, *26 [Dec. 11, 2008, Civ. Action No. 3515-CC]). Drawing all inferences in plaintiff's favor, as we must on a CPLR 3211 motion, the complaint pleads that EE Operating Member failed to perform its own obligations, and failed to cause its affiliate, nonparty Talpiot Management LLC, to perform its obligations, for an improper purpose — namely, so that defendants or related parties in other real estate projects could acquire, at a low price, the property that was the subject of the building project.
For the same reasons, the complaint states a cause of action for declaratory relief removing EE Parent as asset manager and denying it asset management fees from and after January 31, 2019. At this stage of the litigation, the allegations in the complaint sufficiently state facts from which it could be inferred that EE Parent's actions constituted willful misconduct or gross negligence, and therefore, that EE Parent could be removed for cause (see Metro Intl., 275 A3d at 868; 2009 Caiola Family Trust v PWA, LLC, 2014 WL 7232276, *8, 2014 Del Ch LEXIS 261, *28 [Dec. 18, 2014, C.A. No. 8028-VCP]).
As to the remaining claims, the motion court properly dismissed them. First, the complaint fails to state a claim for fraudulent inducement and negligent misrepresentation (the second and third causes of action). As drafted, those causes of action are based on predictions and expectations, which are actionable as fraud only if the complaint contains "allegations that the prediction was contradicted by a concrete, existing fact that defendant either intentionally failed to disclose or negligently failed to discover" (Pacnet Network Ltd. v KDDI Corp., 78 AD3d 478, 479 [1st Dept 2010]; see also International Fin. Corp. v Carrera Holdings Inc., 82 AD3d 641, 641-642 [1st Dept 2011]). The complaint makes no such allegations. Further, both causes of action were also insufficient to the extent they failed to allege that defendants, at the time of making the promissory representation, never intended to honor their promise (see King Penguin Opportunity Fund III, LLC v Spectrum Group Mgt. LLC, 187 AD3d 688, 690 [1st Dept 2020]; Cronos Group Ltd. v XComIP, LLC, 156 AD3d 54, 62-63, 71-72 [1st Dept 2017]). [*2]In addition, insofar as EE Operating Member is concerned, the misrepresentation claims are duplicative of the breach of contract claim (see Matter of Soames v 2LS Consulting Eng., D.P.C., 187 AD3d 490, 491 [1st Dept 2020]; Cronos, 156 AD3d at 56, 62-63).
Plaintiff's allegations regarding Talpiot were also insufficient to support the misrepresentation claims, as plaintiff has not sufficiently pleaded that its losses were caused by Talpiot's lack of a real estate broker's license, and therefore has failed to plead loss causation — a necessary element even on a motion to dismiss — with respect to those allegations (see Vandashield Ltd v Isaacson, 146 AD3d 552, 553 [1st Dept 2017]).
The cause of action for negligent misrepresentation also fails to survive the motion to dismiss because the complaint does not allege a special relationship of trust and confidence among the parties (see Vista Food Exch., Inc. v BenefitMall, 138 AD3d 535, 537 [1st Dept 2016], lv denied 28 NY3d 902 [2016]; Fidelity Natl. Tit. Ins. Co. v NY Land Tit. Agency LLC, 121 AD3d 401, 403 [1st Dept 2014]). The building project here constitutes an arm's length business transaction, which precludes a claim that the parties had a relationship of trust and confidence (see id.). In addition, a cause of action for negligent misrepresentation requires that the special relationship between the parties exist before the relevant transaction, not as a result of it (see Gregor v Rossi, 120 AD3d 447, 448 [1st Dept 2014]).
The complaint does not properly state a cause of action for breach of fiduciary duty (the fourth cause of action), as defendants Jonathon Yormak, David Peretz, and East End Capital Partners, LLC (EE Parent, and collectively, the sponsor defendants) had no such duty to plaintiff as a matter of Delaware law. On the contrary, the complaint makes clear that plaintiff negotiated with the sponsor defendants throughout the early summer and into the fall of 2016 before entering into the LLC agreement as of October 18, 2016; therefore, the agreement between the sponsor defendants and plaintiff arose from a bargained-for transaction in which the parties engaged with each other on an equal footing (see Dynamis Therapeutics, Inc. v Alberto-Culver Intl., Inc., 2010 WL 3834405, *3 [Del Ch, Sept. 24, 2010, C.A. No. 09-773-GMS]).
As to the allegation that a fiduciary duty arises from EE Parent's position as asset manager for the property, we find it unpersuasive, since the LLC agreement does not describe any specific duty that EE Parent is required to perform in that capacity. Thus, the allegation is insufficient to draw a conclusion that EE Parent has the power to control the property as if it were EE Parent's own (see Gelof v Prickett, Jones & Elliott, P.A., 2010 WL 759663, *2, 2010 Del Ch LEXIS 33, *7 [Feb. 19, 2010, C.A. No. 4930-VCS]. Plaintiff's reliance on the sponsor defendants' self-description as fiduciaries is similarly unpersuasive, as "nomenclature does not establish duties"[*3](Dickerson v Murray, 2015 WL 447607, *5, 2015 Del Super LEXIS 49, *11 [Feb. 3, 2015, C.A. No. S14C-07-026 (RFS)]).
The cause of action for gross negligence (fifth cause of action) was correctly dismissed, as it does not allege violation of a legal duty independent of the LLC agreement, and thus does not properly constitute a cause of action separate from the breach of contract cause of action (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389, 390 [1987]). Indeed, without the LLC agreement, EE Parent would have had no duty to plaintiff (see OFSI Fund II, LLC v Canadian Imperial Bank of Commerce, 82 AD3d 537, 539 [1st Dept 2011]). Therefore, the cause of action essentially states a contract theory, not a tort theory (see Internationale Nederlanden [U.S.] Capital Corp. v Bankers Trust Co., 261 AD2d 117, 122 [1st Dept 1999]; Sommer v Federal Signal Corp., 79 NY2d 540, 551-552 [1992]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2022