354 Chauncey Realty, LLC v Brownstone Agency, Inc. (2023 NY Slip Op 00941)

354 Chauncey Realty, LLC v Brownstone Agency, Inc.

2023 NY Slip Op 00941

Decided on February 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 21, 2023

Before: Webber, J.P., Gesmer, Singh, Moulton, Scarpulla, JJ. 

Index No. 650202/20 Appeal No. 17374 Case No. 2022-01521 

[*1]354 Chauncey Realty, LLC, Plaintiff-Respondent,
v
Brownstone Agency, Inc., Defendant-Appellant, Argonaut Insurance Company, et al., Defendants.

Lewis Brisbois Bisgaard & Smith LLP, New York (Collin J. Spears of counsel), for appellant.
Aboulafia Law Firm PLLC, White Plains (Kyle B. Epstein of counsel), for respondent.

Order, Supreme Court, New York County (Debra A. James, J.), entered March 24, 2022, which, to the extent appealed from, denied defendant Brownstone Agency, Inc.'s motion for summary judgment dismissing the action against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendant Brownstone Agency, Inc. (Brownstone) is the agent and third-party administrator for defendant Argonaut Insurance Company (Argonaut). Plaintiff is the insured under a policy issued by Argonaut. Plaintiff sued Brownstone for breach of contract, based on Argonaut's denial of coverage on a loss following a fire at plaintiff's premises. Brownstone established its prima facie entitlement to summary judgment dismissing plaintiff's lone claim against it, based on an affidavit of its representative that coverage on the policy was disclaimed due to plaintiff's alleged material misrepresentations in its application for insurance. Brownstone also annexed to its moving papers copies of the insurance policy, its letter disclaiming coverage, and a letter to plaintiff reporting the results of its investigation of the claim.
In opposition, plaintiff failed to raise a triable issue. There were no allegations, let alone evidence, to support a triable issue that plaintiff made a specific request for Brownstone to review its insurance application for any inaccuracies, or that a special relationship existed between plaintiff and Brownstone solely on the basis that the parties had an extended relationship as to insurance dealings (see generally Murphy v Kuhn, 90 NY2d 266, 273 [1997]). Plaintiff's general requests for coverage will not satisfy the requirement of a specific request for a certain type of coverage (Hoffend & Sons, Inc. v Rose & Kiernan, Inc., 7 NY3d 152, 155 [2006]). The property coverage provided was not shown to be insufficient for purposes of the insurance application that plaintiff submitted. Absent evidence of a special relationship, it remained plaintiff insured's responsibility to both review the insurance policy issued, and to correct any inaccuracies present on the insurance application (see Chai-Chen v Metropolitan Life Ins. Co., 190 AD3d 635 [1st Dept 2021]).
Plaintiff's argument that Brownstone, during the insurance application process and underwriting, acted as the agent of an undisclosed principal (i.e., the insurer Argonaut) and that its breach of contract claim against Brownstone is thus viable, is unpreserved as it is raised for the first time on appeal, and we decline to reach it, as it does not present a purely legal question that can be resolved from the face of the record (see generally Watson v City of New York, 157 AD3d 519 [1st Dept 2018]. Moreover, plaintiff is estopped from asserting that Brownstone is not the third party administrator for Argonaut, since it alleged the reverse in its complaint. In any event, plaintiff does not submit an affidavit in support of this contention[*2], and merely relies upon a nonprobative, speculative attorney's affirmation to assert the argument.
Plaintiff's argument that summary judgment is premature where depositions have not been taken and Brownstone's response to its document demand remains outstanding, thereby denying it a reasonable opportunity at discovery, is unavailing where plaintiff's allegations in support of its breach of contract claim are insufficient given the circumstances. In any event, plaintiff did not submit an affidavit to demonstrate that essential facts exist but cannot yet be stated, relying instead upon a nonprobative affirmation of counsel which asserts speculative arguments (see generally CPLR 3212[f]; Matter of Vaccari v Vaccari, 172 AD3d 582 [1st Dept 2019]; Pow v Black, 182 AD2d 484 [1st Dept 1992]; cf. Global Mins. & Metals Corp. v Holme, 35 AD3d 93, 102-103 [1st Dept 2006]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 21, 2023