| |
|---|
| **Ping Cheung v JPMorgan Chase & Co.** |
| 2024 NY Slip Op 31906(U) |
| June 3, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 159218/2022 |
| Judge: Dakota D. Ramseur |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. DAKOTA D. RAMSEUR**          PART          34M

*Justice*

-------------------------------------------------------------------------------X

PING CHEUNG a/k/a PENNY YE and KEVIN YE,

                              Plaintiffs,

                    - v -

JPMORGAN CHASE & CO., LAURA PHUNG, LESLIE
MORENO, MICHAEL CHAN, PATTIE LIANG, JESSICA
SALINAS, MUHAI ISLAM, and JPMORGAN CHASE BANK,
N.A.,

                              Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159218/2022 |
| MOTION DATE | 05/10/2023 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37

were read on this motion to/for          DISMISSAL          .

       Plaintiffs Ping Cheung a/k/a Penny Ye (Cheung) and Kevin Ye (Ye) (plaintiffs) commenced this action against defendants JPMorgan Chase & Co. (JPMorgan), JPMorgan Chase Bank, N.A. (Chase Bank), Laura Phung (Phung), Leslie Moreno (Moreno), Michael Chan (Chan), Pattie Liang (Liang), Jessica Salinas (Salinas), and Muhai Islam (Islam) (collectively, defendants) to recover damages related to the loss of items stored in a safe deposit box plaintiffs had leased at a branch of Chase Bank in New York County.  Defendants now move pre-answer pursuant to CPLR 3211(a) (7) to dismiss the amended complaint. For the following reasons, the motion to dismiss is granted.

## FACTUAL ALLEGATIONS

       JPMorgan and Chase Bank are chartered banking institutions that provide services, such as leasing safe deposit boxes, to customers at local branches (NYSCEF doc. no. 18, amended complaint ¶¶ 29, 38).  Phung, Moreno, Chan, Liang, Salinas, and Islam are Chase Bank employees (*id.*, ¶¶ 4, 7, 10, 13, 16, 19).

       On June 3, 2015, plaintiffs opened safe deposit box no. 20002 at a Chase Bank branch located at 231 Grand Street, New York, New York, under a lease agreement with Chase Bank (*id.*, ¶¶ 42, 46 and 62). The lease agreement allegedly "provides that [Chase Bank] does not exercise removal of any of the Safe Deposit Box's contents" and "does not provide that [Chase Bank] can access the Safe Deposit Box by drilling it open without Plaintiffs' knowledge, consent, or authorization" (*id.*, ¶¶ 62-63). When plaintiffs leased the safe deposit box, Chase Bank allegedly represented that "their safe deposit boxes have been, are, and will be securely safeguarded" (*id.*, ¶ 43).  Plaintiffs stored cash and jewelry, among other items, in the safe deposit box (*id.*, ¶ 44).

[* 1]

On April 29, 2022, Cheung visited the branch and learned that the safe deposit box had been "drilled open without any notice or her authorization or permission" and its contents removed (*id.*, ¶¶ 47-49 and 52). Chan told Cheung that he was unaware of any criminal activity and later told her that employees from "headquarters" had opened the box and removed its contents (*id.*, ¶ 52). Phung told Cheung that plaintiffs' box was one of 10 safe deposit boxes Salinas and Islam had drilled open and admitted that plaintiffs' box had been mistakenly opened due to alleged discrepancies in the computer systems at the branch and at Chase Bank's headquarters (*id.*, ¶¶ 53-54). Plaintiffs were told they could retrieve the items from their box in two weeks (*id.*, ¶ 56).

On May 6, 2022, Chan is alleged to have "stated that CHASE's upper management intentionally and purposefully failed to inform its clients about the unauthorized opening of safe deposit boxes" (*id.*, ¶ 67).

Plaintiffs and their attorney visited the branch on May 13, 2022 (*id.*, ¶ 68). Liang, the branch manager, though, told plaintiffs that they could not take the items that had been removed from their box if their attorney was present (*id.*, ¶ 69). On May 17, 2022, plaintiffs and their attorney met with Phung and Moreno at the branch and were given multiple sealed bags containing numerous items (the Returned Items) and a "Safe Deposit Box Inventory or Found Content Attachment" document listing each Returned Item (*id.*, ¶¶ 72-73). After Phung and Moreno matched each Returned Item to an item on the list, plaintiffs discovered that several items that had been stored in the safe deposit box were missing, including jewelry, gold bars and coins, and $161,900 in cash (the Missing Items) (*id.*, ¶¶ 44 and 74). Liang authorized the release of the Returned Items to plaintiffs even though they refused to sign a "Verification of Safe Deposit Box Inventory or Found Content" form (*id.*, ¶¶ 76-78). According to the Verification of Safe Deposit Box Inventory or Found Content form, Chase Bank employees opened the box on March 8, 2022, and on March 11, 2022, Salinas and Islam verified they had found the Returned Items in the box (*id.*, ¶ 81). Plaintiffs allege, upon information and belief, that the contents of their safety deposit box had been transferred to a Chase Bank vault in Texas (*id.*, ¶ 82), even though Chan had told them previously that the contents had been sent to another branch in New York City (*id.*, ¶ 52).

As for the Missing Items, plaintiffs submitted a complaint/claim to Chase Bank (*id.*, ¶ 84). By letter dated June 9, 2022, Chase Bank informed plaintiffs that "during an audit of our records, we found discrepancies with the information in our system that required us to drill your box on March 14, 2022," and allegedly declined to return the Missing Items (*id.*, ¶¶ 86-87). The letter also stated that Chase Bank had made a business decision in December 2021 to cease leasing new safe deposit boxes and would not lease a new box to plaintiffs (*id.*, ¶ 97). On June 2, 2022, Chase debited $1,224.84 from Cheung's checking account to pay for the annual service fees and taxes for safe deposit box no. 20002 for the June 2, 2022 to June 2, 2023 term (*id.*, ¶ 96).

Plaintiffs commenced this action against JPMorgan, Phung, Moreno, Chan, and Liang on October 27, 2022 by filing a summons and complaint. After JPMorgan, Phung, Moreno, Chan, and Liang moved to dismiss the complaint, plaintiffs filed a supplemental summons and amended complaint adding Chase Bank, Salinas and Islam as defendants. The amended complaint dated January 25, 2023 asserts seven causes of action against all defendants for: (1) negligence; (2) gross

159218/2022   CHEUNG, PING ET AL vs. JPMORGAN CHASE & CO. ET AL          Page 2 of 9
Motion No.  002

2 of 9

[* 2]

negligence; (3) breach of contract; (4) a violation of General Business Law § 349[1]; (5) fraudulent misrepresentation; (6) aiding and abetting fraud; and (7) negligent misrepresentation. Plaintiffs seek to recover compensatory damages of not less than $3 million for each cause of action. In lieu of answering, defendants move to dismiss the first, second, fourth, fifth, sixth and seventh causes of action against them and to dismiss the third cause of action against JPMorgan, Phung, Moreno, Chan, Liang, Salinas, and Islam on the ground that the complaint fails to state a cause of action against them.

## DISCUSSION

On a motion to dismiss brought under CPLR 3211 (a) (7), "the pleading is to be afforded a liberal construction" (*Leon v Martinez*, 84 NY2d 83, 87 [1994]). The court must "accept the facts as alleged in the complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*id.* at 87-88). "The only question is whether the complaint adequately alleges facts giving rise to a cause of action, 'not whether [it] properly labeled or artfully stated one'" (*Tax Equity Now NY LLC*, 2024 NY Slip Op 01498, *3 [citation omitted]). Thus, dismissal is warranted if "the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 [2017]). However, "[w]hen documentary evidence is submitted by a defendant 'the standard morphs from whether the plaintiff stated a cause of action to whether it has one'" (*Basis Yield Alpha Fund (Master) v Goldman Sachs Group, Inc.*, 115 AD3d 128, 135 [1st Dept 2014] [citation omitted]). Dismissal is appropriate if the evidence demonstrates that the plaintiff has no cause of action (*id.*).

*Claims against JPMorgan*

JPMorgan argues that it is entitled to dismissal because it cannot be held liable for the actions of its subsidiary, Chase Bank, from which plaintiffs had leased the safe deposit box. According to its 2021 annual report, JPMorgan is a financial holding company, and its "principal bank subsidiary is JPMorgan Chase Bank, National Association …, a national banking association with U.S. branches in 48 states and Washington, D.C." (NYSCEF doc. no. 28, Anthony C. Valenziano [Valenziano] affirmation, exhibit C). Plaintiffs have admitted in their amended complaint that they leased the safe deposit box pursuant to an agreement with Chase Bank, not JPMorgan (NYSCEF doc. no. 18, ¶ 46). A "Safe Deposit Box Lease Agreement" in effect on January 31, 2022 reads, in relevant part:

> "By signing the Safe Deposit Contract Card … or using the Safe Deposit Box services – such as paying the annual rent, setting up a PIN, receiving two safe deposit box keys, and accessing the box – the person or persons ('you') agree to lease a safe deposit box ('box') identified on the Contract Card with JPMorgan Chase Bank, National Association ('Bank', 'we' or 'us')"

---

[1] The amended complaint also refers to General Business Law § 350, but the parties have addressed only General Business Law § 349.

**159218/2022   CHEUNG, PING ET AL vs. JPMORGAN CHASE & CO. ET AL**          **Page 3 of 9**
  **Motion No.  002**

3 of 9

[* 3]

(NYSCEF doc. no. 27, Valenziano affirm, ex B at 1).

It is an established principle that "[p]arent and subsidiary or affiliated corporations are, as a rule, treated separately and independently" (*Sheridan Broadcasting Corp. v Small*, 19 AD3d 331, 332 [1st Dept 2005]). Here, JPMorgan has demonstrated that it does not provide retail banking services, such as leasing safe deposit boxes, and that those services are provided by its wholly owned subsidiary, Chase Bank.

Plaintiffs, in opposition, contend that they did not execute the 2022 Safe Deposit Box Lease Agreement submitted on the motion, but they did execute a lease agreement with Chase Bank on or about June 3, 2015. Defendants, in reply, have tendered copies of Safe Deposit Box Lease Agreements in effect between January 1, 2015 through January 31, 2022 (NYSCEF doc. nos. 34-37, Geoffrey C. Andrews aff, exhibits B-E). Apart from a single word, the language in the 2022 Safe Deposit Box Lease Agreement quoted above is identical to the language in the 2015 Safe Deposit Box Lease Agreement (NYSCEF doc. no. 34 at 1). As such, JPMorgan cannot be held liable to plaintiffs for Chase Bank's actions (*see Akhtar v JPMorgan Chase & Co.*, 2019 NY Slip Op 32646[U], *4-5 [Sup Ct, NY County 2019]). Accordingly, the amended complaint is dismissed in its entirety as against JPMorgan Chase.

*Negligence and Gross Negligence*

In the first cause of action for negligence, plaintiffs allege that defendants owed them a duty of care to reasonably and adequately secure the safe deposit box and the contents therein from unauthorized access and theft, and that defendants failed to safeguard and protect the property placed into their custody by contractual relationship (NYSCEF doc. no. 18, ¶¶ 101-102 and 115). Defendants purportedly breached this duty when they drilled open plaintiffs' safe deposit box without their knowledge, consent or authorization and removed its contents (*id.*, ¶¶ 102-103). In the second cause of action for gross negligence, plaintiffs allege that defendants acted with reckless disregard with respect to their duties, responsibilities, and contractual obligations under the lease agreement when they drilled open and removed the contents of plaintiffs' safe deposit box without their knowledge, consent or authorization (*id.*, ¶ 123).

A cause of action for negligence requires the plaintiff to prove the existence of a duty owed from the defendant to the plaintiff, the defendant's breach of that duty, and an injury proximately caused by that breach (*Moore Charitable Found. v PJT Partners, Inc.*, 40 NY3d 150, 157 [2023]). In contrast to ordinary negligence, gross negligence is "conduct that evinces a reckless disregard for the rights of others or 'smacks' of intentional wrongdoing" (*Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d 821, 823-824 [1993], quoting *Sommer v Federal Signal Corp.*, 79 NY2d 540, 554 [1992]; *Food Pageant v Consolidated Edison Co.*, 54 NY2d 167, 172 [1981] ["gross negligence has been termed as the failure to exercise even slight care"]). "'[A] simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated'" (*Dormitory Auth. of the State of N.Y. v Samson Constr. Co.*, 30 NY3d 704, 711 [2018] [citation omitted]). In determining whether a defendant owes a duty of care distinct from the parties' contract, the court must look to the "nature of the services performed and the defendant's relationship with its customer" (*id.*), as well as "the nature of the injury, the manner in which the injury occurred and the resulting harm" (*Sommer*, 79 NY2d at 552).

159218/2022   CHEUNG, PING ET AL vs. JPMORGAN CHASE & CO. ET AL                Page 4 of 9
 Motion No.  002

4 of 9

Defendants have demonstrated that the amended complaint fails to state causes of action for negligence and gross negligence. The duties described in the amended complaint arise out of the lease agreement for the safety deposit box, and plaintiffs have not identified a duty independent of those contractual obligations (*see Abacus Fed. Sav. Bank v ADT Sec. Servs., Inc*., 18 NY3d 675, 684-685 [2012] ["the allegations that a breach of contract occurred as a result of gross negligence does not give rise to a duty independent of the contractual relationship"]; *100 & 130 Biscayne, LLC v EE NWT OM, LLC*, 211 AD3d 451, 454 [1st Dept 2022] [no duty to plaintiff outside of the limited liability agreement]; *see also Henry v Capital One, N.A*., 2023 WL 4044107, *2 [2d Cir, June 16, 2023] [dismissing negligence and gross negligence claims where defendant had inexplicably drilled open the plaintiff's safe deposit box, the contents of which went missing]). In addition, plaintiffs seek the same damages in the negligence and gross negligence claims as in the breach of contract claim (*see Belair Care Ctr., Inc. v Cool Insuring Agency, Inc*., 168 AD3d 1162, 1164 [3d Dept 2019]; *Board of Mgrs. of 100 Congress Condominium v SDS Congress, LLC*, 152 AD3d 478, 481 [2d Dept 2017]).

Plaintiffs, in opposition, liken their relationship with Chase Bank to that between a bailor and a bailee and maintain that, as bailees, defendants owed them a duty of care. Generally, "a bank which rents safe deposit boxes to its customers is a bailee, and may be presumed negligent for the failure to return property entrusted to its care" (*Greco v First Union Natl. Bank Corp*., 267 AD2d 278, 278-279 [2d Dept 1999]). That said, "no [person] can be made the bailee of another's property, without [that person's] consent; and there must be a contract, express or implied, to induce a liability" (*First Natl. Bank of Lyons v Ocean Natl. Bank*, 60 NY 278, 290 [1875]; *see also Daskolopoulos v European Am. Bank & Trust Co., Banking Corp.*, 104 AD2d 1020, 1024 [2d Dept 1984] [Titone, J., dissenting]; *Barclift v American Sav. Bank*, 152 Misc 2d 487, 488-489 [Civ Ct, Kings County 1991] ["[t]he relationship of a bank to the lessee of a safe-deposit box is generally considered to be that of bailee to bailor with the bank responsible for loss due to its negligence in the absence of a different agreement"]). "Where there is an express contract between a bailor and bailee, the terms thereof control as to the liability of the bailee" (*Sagendorph v First Natl. Bank of Philmont*, 218 App Div 285, 286 [3d Dept 1926]).

Here, each Safe Deposit Box Lease Agreement in effect from 2015 to 2022 states, in pertinent part, that "[t]his lease does not create a bailor and bailee relationship between you and the Bank" (NYSCEF doc. no. 34 at 2; NYSCEF doc. no. 35 at 2; NYSCEF doc. no. 36 at 3; NYSCEF doc. no. 11 at 3). Thus, the lease agreement expressly disclaims the creation of a bailor/bailee relationship, which is sufficient to rebut the presumption of negligence against Chase Bank (*Henry v Capital One, N.A*., No. 21-cv-2281 (BMC), 2022 WL 1105181, *3 [ED NY Apr. 12, 2022], *affd in part, vacated in part* 2023 WL 4044107 [2d Cir 2023]). Accordingly, the first and second causes of action are dismissed.

*Breach of Contract*

The third cause of action alleges a claim for breach of contract against all defendants. Phung, Moreno, Chan, Liang, Salinas, and Islam move to dismiss this claim against them because plaintiffs' contract is with Chase Bank.

159218/2022   CHEUNG, PING ET AL vs. JPMORGAN CHASE & CO. ET AL          Page 5 of 9
Motion No.  002

5 of 9

[* 5]

A cause of action for breach of contract requires the plaintiff to plead the existence of a valid contract, the plaintiff's performance, the defendant's breach and damages (*Noto v Planck, LLC*, 225 AD3d 499, 499 [1st Dept 2024]). In addition, "[i]t is a general principle that only the parties to a contract are bound by its terms" (*Highland Crusader Offshore Partners, L.P. v Targeted Delivery Tech. Holdings, Ltd.*, 184 AD3d 116, 121 [1st Dept 2020]).

Here, Phung, Moreno, Chan, Liang, Salinas, and Islam are not signatories to plaintiffs' lease agreement with Chase Bank and thus, the amended complaint fails to state a cause of action for breach of contract against these individual defendants (*see Chai-Chen v Metropolitan Life Ins. Co.*, 190 AD3d 635, 636 [1st Dept 2021]). In light of the above, the third cause of action is dismissed as against Phung, Moreno, Chan, Liang, Salinas, and Islam.

*General Business Law § 349*

The fourth cause of action alleges a claim under General Business Law § 349. The amended complaint alleges that defendants engaged in deceptive and misleading consumer-oriented business practices when Chase Bank leased safety deposit boxes to customers but failed to safeguard the contents therein (NYSCEF doc. no. 18, ¶¶ 147 and 155). It is further alleged that defendants falsely represented that the safe deposit boxes were safe, secure and monitored when they had a practice of forcibly opening their customers' safe deposit boxes (*id.*, ¶¶ 150 and 158).

General Business Law § 349 (a) prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." The statute provides a private right of action to "any person who has been injured by reason of any violation of this section may bring an action in his [or her] own name to enjoin such unlawful act or practice, an action to recover his [or her] actual damages" (General Business Law § 349 [h]; *Samuel W. v United Synagogue of Conservative Judaism*, 219 AD3d 421, 421-422 [1st Dept 2023]). To state a cause of action under General Business Law § 349, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice" (*City of New York v Smokes-Spirits.Com, Inc.*, 12 NY3d 616, 621 [2009]; *accord Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20, 26 [1995]). Because the statute does not apply to purely private disputes (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 321 [1995]), key to any claim brought under General Business Law § 349 is whether the conduct complained of has "a broader impact on consumers at large" (*Oswego*, 85 NY2d at 25).

Here, plaintiffs' complaints concern a purely private dispute unique to them (*see Davin v Plymouth Rock Assur. Co. of N.Y.*, — AD3d —, —, 2024 NY Slip Op 02687, *5 [2d Dept 2024] [private contract dispute did not implicate General Business Law § 349]; *Gleyzerman v Law Offs. of Arthur Gershfeld & Assoc., PLLC*, 154 AD3d 512, 513-514 [1st Dept 2017] [no viable cause of action based on private agreements between the parties]). The alleged conduct, namely forcibly opening plaintiffs' safe deposit box which resulted in the loss of certain items contained therein, does not broadly impact consumers (*see Plaza PH2001 LLC v Plaza Residential Owner LP*, 98 AD3d 89, 104 [1st Dept 2012]). In any event, the allegations regarding a claimed impact on consumers at large are too conclusory to support a cause of action under General Business Law § 349 (*see Camacho v IO Practiceware, Inc.*, 136 AD3d 415, 416 [1st Dept 2016]). As such, the

159218/2022   CHEUNG, PING ET AL vs. JPMORGAN CHASE & CO. ET AL          Page 6 of 9
Motion No.  002

6 of 9

amended complaint fails to state a claim under General Business Law § 349. The fourth cause of action is dismissed.

*Fraudulent Misrepresentation*

The fifth cause of action for fraudulent misrepresentation alleges that defendants falsely represented that Chase Bank "would safeguard items placed in the safe deposit box" and that it "would be safe for CHASE's customers to place their valuable items in the safe deposit box" (NYSCEF doc. no. 18, ¶¶ 163-164). The representations allegedly "consist of false statements of intention to comply with promises made" (*id.*, ¶ 165). Defendants purportedly were aware these representations were false, and plaintiffs allegedly relied on those representations and were deceived.

A cause of action for fraudulent misrepresentation requires the plaintiff to establish "that the defendant made a material misrepresentation of fact; that the misrepresentation was made intentionally in order to defraud or mislead the plaintiff; that the plaintiff reasonably relied on the misrepresentation; and that the plaintiff suffered damage as a result of its reliance on the defendant's misrepresentation" (*P.T. Bank Cent. Asia, N.Y. Branch v ABN AMRO Bank N.V.*, 301 AD2d 373, 376 [1st Dept 2003]). Because a cause of action for fraud must be grounded on the misrepresentation of an existing fact (*Cronos Group Ltd. v XComIP, LLC*, 156 AD3d 54, 67 [1st Dept 2017]), a promissory future statement is not actionable (*Safariland, LLC v H.B.A. Agencies, Ltd.*, 198 AD3d 519, 521 [1st Dept 2021]). A cause of action for fraud must be pleaded with particularity (CPLR 3016 [b]).

Under these principles, the amended complaint fails to state a cause of action for fraudulent misrepresentation. The alleged misrepresentations that Chase Bank would be safe to place items in a safe deposit box and that it would safeguard those items constitute "statement[s] of future intentions, promises or expectations" (*Non-Linear Trading Co. v Braddis Assoc.*, 243 AD2d 107, 118 [1st Dept 1998] [internal quotation marks and citation omitted]), as opposed to misrepresentations of existing fact. To plead a cause of action for fraud based on a statement of future intention, the plaintiff must plead "facts to show that the defendant, at the time the promissory representation was made, never intended to honor or act on his statement" (*id.* [internal quotation marks and citation omitted]). In this instance, the amended complaint alleges that "[d]efendants did not have the intention to comply with the promises made" (NYSCEF doc. no. 18, ¶ 166). This statement, at most, constitutes a general allegation that defendants entered into the lease agreement with a lack of intent to perform, and general allegations do not give rise to a fraud claim (*see New York Univ.*, 87 NY2d at 318; *Cronos Group Ltd.*, 156 AD3d at 62-63). Accordingly, the fifth cause of action for fraudulent misrepresentation is dismissed.

*Aiding and Abetting Fraud*

In view of the dismissal of the fifth cause of action, the sixth cause of action for aiding and abetting fraud is dismissed as the underlying fraudulent misrepresentation cause of action has been dismissed (*see Park Armory LLC v Icon Parking Sys. LLC*, 203 AD3d 442, 443 [1st Dept 2022]).

159218/2022   CHEUNG, PING ET AL vs. JPMORGAN CHASE & CO. ET AL
Page 7 of 9
Motion No.  002

7 of 9

*Negligent Misrepresentation*

The seventh cause of action alleges that, because of their special relationship, defendants had a duty to impart correct information to plaintiffs about the risks associated with placing valuable items in a safe deposit box, including the possibility that its contents may go missing if the box has been drilled open. Defendants allegedly gave plaintiffs incorrect information regarding their ability to safeguard plaintiffs' safe deposit box and the contents therein and that plaintiffs materially changed their position in reliance on this incorrect information.

The elements for a cause of action for negligent misrepresentation are: "(1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information" (*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 180 [2011]).

Here, the amended complaint fails to state a cause of action for negligent misrepresentation. "[T]he relationship between a bank and its depositor is one of debtor and creditor" (*Greenberg, Trager & Herbst, LLP v HSBC Bank USA*, 17 NY3d 565, 578 [2011] [internal quotation marks and citation omitted]; *see also Pecoraro v M&T Bank Corp.*, 11 AD3d 950, 951 [4th Dept 2004] ["the rental of a safe deposit box does not create a fiduciary relationship"]). Furthermore, as is the case here, "an arm's length borrower-lender relationship … does not support a cause of action for negligent misrepresentation" (*Greenberg, Trager & Herbst, LLP*, 17 NY3d at 578 [internal quotation marks and citation omitted]). Absent the existence of a special or privity-like relationship between plaintiffs and defendants, the seventh cause of action is dismissed.

Accordingly, it is hereby,

ORDERED that the part of defendants' motion to dismiss the amended complaint as against defendants JPMorgan Chase & Co., Laura Phung, Leslie Moreno, Michael Chan, Pattie Liang, Jessica Salinas, and Muhai Islam (motion sequence no. 002) is granted, and the amended complaint is dismissed in its entirety as against said defendants, with costs and disbursements to said defendants as taxed by the Clerk of the Court, and the Clerk is directed to enter judgment accordingly in favor of said defendants; and it is further

ORDERED that the action is severed and continued against the remaining defendant JPMorgan Chase Bank, N.A.; and it is further

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

ORDERED that the amended caption is as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:
------------------------------------------------------------------------------x
PING GHEUNG a/k/a PENNY YE AND KEVIN YE,                     Index No. 159218/2022

159218/2022   CHEUNG, PING ET AL vs. JPMORGAN CHASE & CO. ET AL                     Page 8 of 9
Motion No.  002

8 of 9

[* 8]

Plaintiffs,

- against -

JPMORGAN CHASE BANK, N.A.,

Defendant.

-----------------------------------------------------------------------------x

; and it is further

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

ORDERED that the branch of defendants' motion to dismiss first, second, fourth, fifth, sixth and seventh causes of action in the amended complaint against defendant JPMorgan Chase Bank, N.A. (motion sequence no. 002) is granted, and those causes of action in the amended complaint are dismissed as against said defendant; and it is further

ORDERED that defendant JPMorgan Chase Bank, N.A. shall serve an answer to the amended complaint within 20 days after service of this order with written notice of entry; and it is further

ORDERED that counsel are directed to appear for a preliminary conference in Room 341, IAS Part 34, 60 Centre Street, New York, New York, on August 6, 2024, 2024 at 9:30 a.m.

This constitutes the decision and order of the Court.

20240603153335DRAMSEUR5E11276DC814DA6A6E6C4F4E51500CA

| 6/3/2024 | | DAKOTA D. RAMSEUR, J.S.C. |
| --- | --- | --- |
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | X | GRANTED | | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

159218/2022   CHEUNG, PING ET AL vs. JPMORGAN CHASE & CO. ET AL
Motion No.  002

Page 9 of 9

[* 9]